GLADNEY, Judge.
This action was instituted on March 31, 1975 by St. Louis Southwestern Railway Company (hereafter, Railway), as the alleged possessor of certain immovable property; Parkway Development' Corporation (hereafter, Parkway), the lessee of the Railway; and John C. Krepak, an officer of Parkway. Named defendants were the City of Shreveport and the mayor of that city, L. Calhoun Allen, Jr. Plaintiffs seek an injunction and damages for alleged disturbance of their possession by the city of. Shreveport on March 22,1975.
After trial on the rule to show cause on the preliminary injunction, the trial court ordered the preliminary injunction issue enjoining and restraining defendants from disturbing the lawful and peaceful possession of plaintiffs of the property in dispute. Defendants perfected a devolutive appeal to this court.
The narrow legal issue presented is whether plaintiffs are entitled to injunctive relief under the provisions of LSA-C.C.P. art. 3663. The requisite proof of this preliminary injunction is possession of immovable property or a real right for more than one year prior to the disturbance, a disturbance of that possession, and the filing of a suit within one year of the disturbance. LSA-C.C.P. arts. 3655, 3663; Babington Children Trusts v. Eimer, 285 So.2d 792 (La.1973); Ward v. Standard Materials, Inc., 293 So.2d 885 (La.App., 1st Cir. 1974).
The evidence shows that in May of 1888 the City of Shreveport granted to the Railway’s ancestor in title the “right to occupy and use” the subject tract. The right of the Railway is characterized in the document making the grant as a “right of way and privileges”. We are not called upon here to determine the nature of the right in question beyond saying it is at least a servitude. Mitchel v. Board of Commissioners, 161 So.2d 384 (La.App., 4th Cir. 1964). Such a servitude is itself considered an immovable. LSA-C.C. art. 471. The Civil Code in article 3432 notes that such rights are themselves capable of a type of possession:
“Possession applies properly only to corporeal things, movable or immovable.
“The possession of incorporeal rights, such as servitudes and other rights of that nature, is only a quasi possession, and is exercised by the species of posses *648 sion of which these rights are susceptible.”
In recognizing the distinction between these. two types of possession, the Code only establishes an analytical difference. It does not establish special rules applicable to quasi possession. See Yiannopoulos, Civil Law Property, Secs. 13, 92, 138 (1966); Planiol, Civil Law Treatise, Vol. 1, No. 2954, et seq.; Civil Law Translations, Aubry & Rau — Property, Vol. 2, Sec. 179 at pages 89-92. The real actions of the Code of Civil Procedure are designed to protect both possession and quasi possession. Louisiana Irrigation and Mill Company v. Pousson, 252 So.2d 151 (La. App., 3d Cir. 1971), affirmed at 262 La. 973, 265 So.2d 756 (1972). Since this servitude is “immovable property”, capable of quasi possession, no further classification is needed to afford the protection of the possessory action. LSA-C.C.P. arts. 3655, 3663.
The trial court found the Railway had been in actual, corporeal possession of this right within the year immediately preceding this action. The species of possession of which this property is susceptible is the “use and occupancy” of the subject tract. The testimony shows the Railway, without protest by any party, had placed track on the property, had constructed buildings or other structures on the property, had leased the land for storage purposes and other development purposes. These actions were all consistent with the grant of rights to the Railway by the City of Shreveport. We therefore conclude plaintiffs had actual possession of the property involved for much more than one year prior to defendant’s disturbance.
The only remaining question is whether this action was brought within one year of the disturbance of plaintiffs’ possession. We conclude it was. The evidence establishes that the first action defendants could consider a disturbance of the possession of the Railway was that of city police officers, at the direction of the mayor, in prohibiting the officer of Parkway Development from constructing a fence on the subject tract on March 22, 1975. All actions by defendants prior to that date were consistent with the rights of plaintiffs and with full recognition of those rights. This suit was filed on March 31, 1975 and was therefore timely.
For the reasons assigned, we find no error in the judgment appealed, and accordingly, it should be and is hereby affirmed at defendants-appellants’ cost.
Affirmed.
Before BOLIN, PRICE, MARVIN and SMITH, JJ., EN BANC.