EDWIN A. LOMBARD, Judge.
This is an appeal by the State of Louisiana, Through the Department of Social Services, Office of Family Support (appellant) from the granting of a preliminary injunction in favor of Kelly Brunette (ap-pellee). For the reasons assigned, we reverse and remand.

Statement of Facts and Procedural History

On October 10, 2002, appellant filed a petition to establish paternity and child support on behalf of the minor child, Anthony Chesser, who was domiciled in the State of Oklahoma. The action was brought pursuant to the Uniform Interstate Family Support Act, La. Ch.Code art. 1301.1, et seq. The return of service indicates that appellee was personally served with the petition on October 30, 2002. No answer was filed; and a default judgment was ultimately obtained on March 19, 2003, adjudicating appellee as the father of the child and establishing child support. An Income Assignment Order for child support was also issued at that time. No appeal was taken from that judgment.
On June 17, 2003, appellee appeared in proper person and filed a Rule to Suspend the Support. Before that matter could be heard, appellee retained counsel and filed a Petition for Nullity. In connection with the Petition for Nullity, an ex parte Temporary Restraining Order was granted, restraining and enjoining the collection of the previously ordered child support pending a hearing on the preliminary injunction.
The hearing on the request for injunc-tive relief was set for July 30, 2003. The temporary restraining order and hearing date was extended twice pursuant to motions filed by appellee. The trial court heard the matter on August 7, 2003. Ap-pellee argued before the trial court that he was never served with the original petition to establish paternity and to set child support. Specifically, the sheriffs return indicated personal service on appellee at 4015 Iroquois Street in New Orleans on October 30, 2002, but evidence was presented to show that appellee was evicted from that address in June of 2002. Further, Jim Lynn testified that he resided at 4015 Iroquois Street on the date service was made. At the conclusion of the hearing, the trial court granted the preliminary injunction, enjoining the State of Louisiana and the State of Oklahoma from collecting the court ordered child support and from defaming appellee by suggesting that he is the father of the minor child. The trial court further ordered that a hearing be conducted on the petition for permanent injunction. On August 13, 2003, this devol-utive appeal was timely filed.

Discussion

Appellant raises the following assignments of error: 1) the trial court erred in enjoining the collection of child support where the judgment of child support remains a valid and final judgment; 2) the trial court erred in granting injunctive relief where there was no evidence of irreparable injury presented during the course of the injunction hearing; and 3) the trial court erred in finding that there was irreparable injury to the child, who was neither a party to the proceedings nor the applicant for relief, and that the support payable to benefit the child should, therefore, be enjoined.
Article 3601 of the Louisiana Code of Civil Procedure provides, in pertinent part, that “[a]n injunction shall issue in *247 cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law.” The writ of injunction, a harsh, drastic, and extraordinary remedy, should only issue in those instances where the moving party is threatened with irreparable loss or injury, and is without an adequate remedy at law. Greenberg v. De Salvo, 254 La. 1019, 229 So.2d 83 (1969), cert denied, sub nom. Greenberg v. Dunker, 397 U.S. 1075, 90 S.Ct. 1521, 25 L.Ed.2d 809 (1970); Oestreicher v. Hackett, 94-2573, (La.App. 4 Cir. 5/16/95), 660 So.2d 29, 31.
 Irreparable injury has been defined as “a loss sustained by an injured party which cannot be adequately compensated in money damages or for which such damages cannot be measured by a pecuniary standard.” Terrebonne Parish Police Jury v. Matherne, 405 So.2d 314, 319 (La.1981), cert denied, 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982). In addition to proving irreparable damage, an applicant for injunctive relief must make a pri-ma facie showing that he will prevail on the merits of the case. Shaw v. Hingle, 94-1579, (La.1/17/95), 648 So.2d 903, 905.
In the present case, the trial court based its ruling on a finding of irreparable injury. Specifically, the trial court stated that the prior judgment, declaring appellee to be the father of the minor child, if in error, may cause long term psychological detriment to the child. The child, however, is not the applicant for the injunctive relief; and the trial court made no determination that appellee sustained irreparable injury.
After a thorough review of the record, we find no evidence offered to show that appellee suffered any irreparable injury by the judgment adjudicating him as the father of the minor child. The enforcement of the child support order is clearly measurable by pecuniary standards and, accordingly, is insufficient to support the granting of a preliminary injunction. Because appellee failed to show that he would suffer irreparable injury, we find that it was manifest error for the trial court to grant the preliminary injunction.

Conclusion

Based on our determination that the trial court erred in granting injunctive relief in favor of appellee, we reverse the trial court’s judgment granting the preliminary injunction, vacate the preliminary injunction, and remand the matter for further proceedings on the merits of appel-lee’s nullity claim.

REVERSED; VACATED; REMANDED.