942 So.2d 1163 (2006)
Berwin A. THOMAS, Latoya M. Augustine and Michael P. Augustine
v.
NEW ORLEANS REDEVELOPMENT AUTHORITY and Juanita L. Jackson.
No. 2004-CA-1964.
Court of Appeal of Louisiana, Fourth Circuit.
October 6, 2006.
*1164 James E. Uschold, James E. Uschold, PLC, New Orleans, LA, for Plaintiffs/Appellants.
Christopher Gobert, Collins & Gobert, New Orleans, LA, for New Orleans Redevelopment Authority.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge PATRICIA RIVET MURRAY and Judge LEON A. CANNIZZARO JR.).
JOAN BERNARD ARMSTRONG, Chief Judge.
Berwin A. Thomas, Latoya M. Augustine and Michael P. Augustine filed suit in March of 2004 against the New Orleans Redevelopment Authority (NORA) and its vendee, Juanita L. Jackson, to set aside a judgment obtained by NORA expropriating plaintiffs' property, to set aside a sale of the property by NORA to Ms. Jackson, and for unspecified damages. In connection with that action, the plaintiffs sought and were denied a preliminary injunction enjoining execution or enforcement of the judgment and enjoining Ms. Jackson and NORA from taking any actions inconsistent with the plaintiffs' ownership of the subject property. The trial court denied preliminary injunctive relief, whereupon the plaintiffs filed the instant appeal. For the reasons that follow, we affirm.
The plaintiffs acquired from Michael A. Thomas property located at 831-33 Sixth Street in New Orleans on April 14, 1997 by a notarial act of donation recorded as Instrument No. 138994 in the Conveyance *1165 Office of Orleans Parish. The notarial Act of Donation recites the names, birth dates and social security numbers of the plaintiffs, but does not indicate their respective addresses. La.R.S. 47:2328 A provides that all instruments effecting transfer or real property shall contain the correct names and addresses of vendee and vendor and transferee, together with the municipal or street address of the transferred property. Thus, the Act of Donation was deficient in that it did not include the plaintiffs' addresses. As a result of this deficiency, the property was maintained on the rolls of the municipal assessor and in the New Orleans real estate records as being owned by "Berwin A. Thomas, et al", for whom no address was stated other than that of the property itself.
Pursuant to La.R.S. 33:4720.59 A, NORA has the power to acquire, inter alia, by expropriation any blighted property as defined in that statute and to hold, clear, manage and dispose of the property in accordance with procedures set forth in the statute. La.R.S. 33:4720.59 B defines "blighted property" as including those commercial or residential premises, including lots that have been declared vacant, uninhabitable, and hazardous by an administrative hearing officer acting pursuant to applicable law. That section sets forth the criteria to be considered by the hearing officer as (1) premises which because of physical condition are considered hazardous to persons or property; (2) premises declared to be a public nuisance; (3) premises declared to be a fire hazard and (4) premises declared to be vermin-infested or lacking in facilities or equipment required by the housing code of the city of New Orleans. The statute provides in part C for an administrative hearing on the expropriation of the property, and in part D for the certification procedure.
On Wednesday, August 9, 2000, Administrative Hearing Officer Earl G. Perry, Jr., J.D. issued a Notice of Judgment in No. 2000-3240 HB, "The City of New Orleans v. Berwin A. Thomas, et al, 831 sixth Street, New Orleans, LA 70115, informing the plaintiffs that the case was adjudicated on July 27, 2000 and they were found guilty of violating 17271 M.C.S. 6-34(25), 43, allowing blighted property and 11625 M.C.S. Sec. 102.4, allowing a public nuisance. The notice sets forth the assessment of a hearing cost of $75 and a fine of $500, and commands the plaintiffs to remit $575 by check or money order to the City of New Orleans, Bureau of Administrative Adjudication. The notice also provided:
In accordance with the hearing officer declaring this property blighted and a public nuisance, it is hereby ordered eligible for expropriation by the New Orleans Redevelopment Authority and eligible for demolition by the proper authorities at your expense with interest, without further notice, subject to your thirty (30) days right to appeal as stated below.
Your failure to remit the above stated amount within (30) days will result in a lien being placed against the subject property, at additional cost to you. Failure to pay said lien along with your next ad valorem tax bill may result in this property being sold in accordance with laws that govern tax sales of immovable property.
You have the right to appeal this decision to the Civil District Court of the Parish of Orleans within thirty (30) days of the date of this communication.
Those owners of property which has been declared blighted and a public nuisance, are subject to civil penalties and criminal penalties pursuant to the Code of the City of New Orleans, and are subject to criminal prosecution by *1166 the State of Louisiana pursuant to La.R.S. 14:107.3, "Criminal Blighting of Property." [Emphasis in original.]
NORA's counsel, Herbert A. Cade of Cade, Collins and Gobert, commissioned a title opinion from Christopher Gant of Property Title, Inc. On February 4, 2002, Mr. Gant advised that the property was then owned by the plaintiffs, and set forth the chain of title and exceptions including a property lien against a prior owner, two judgments against the donor, Michael Thomas, a judgment against Michael Augustine and payment of 2001 and 2002 taxes. The title opinion did not contain any evidence as to the plaintiffs' addresses, except that the property was shown to be owned by Berwin A. Thomas, for whom no address was known other than that of the subject property.
NORA's counsel consulted the Greater New Orleans telephone directory, where none of the plaintiffs maintained a listing. He consulted the Equifax Polk City Directory of New Orleans where none of the plaintiffs was listed, either by name or by property. Counsel then conducted a nationwide search of internet data bases for Berwin Aaron Thomas, Latoya Monique Augustine and Michael Paul Augustine and any variations thereof, consulting www. whitepages.com, www.infospace.com, www. yahoo.com, www.whowhere.com, www. switchboard.com and www.anywho.com. The trial court examined the computer printouts generated from this investigation. Berwin Thomas was not found in any of these databases. One Latoya Augustine was located at 7227 East Highway 290, Austin, Texas, 78723; and two Michael Augustines were located respectively at Route 2, Ellis, Kansas, 67637 and at 805 Sam Street, New Iberia, Louisiana 70560.
On April 8, 2002, counsel sent the following notice to all plaintiffs at 831-33 Sixth Street, New Orleans, and at the Austin, New Iberia and Ellis addresses. Mr. Cade's letter follows:
The undersigned is the attorney for the New Orleans Redevelopment Authority, (hereinafter referred to as NORA).
My client is empowered to expropriate properties in the City of New Orleans which have been declared blighted by the Administrative Adjudication Bureau. If you are not the owners of this property, please contact our office immediately or send written notice advising of same.
By Notice of Judgment, Case # XXXX-XXXXHB, dated August 9, 2000 (copy enclosed), the Administrative Adjudication Bureau of the City of New Orleans, declared that 831-33 Sixth Street, owned by Berwin Aaron Thomas, Latoya Monique Augustine and Michael Paul Augustine, was blighted and authorized New Orleans Redevelopment Authority to acquire pursuant to applicable law.
Pursuant to La.R.S. 19:2.2, NORA has had the property appraised by Louisiana State Certified Appraisers, Herbert J. Richardson, Jr., 2475 Canal Street, Suite 202, New Orleans, Louisiana and Irving & Associates, Inc., Post Office Box 8191, New Orleans, Louisiana. Both appraisers agree that the present value of the property is Seven Thousand ($7,000.00) Dollars. The appraisers used the cost and market approaches to determine value of subject property.
NORA stands ready to offer you Seven Thousand and XX/100 ($7,000.00) Dollars less taxes and liens encumbering said property.
It is respectfully requested that you contact me upon receipt of this letter.
Failure to receive a response will result in the filing of the expropriation in court and the depositing of $7,000 in the registry of the court. Said filing will also result in additional cost and fees *1167 which will be deducted from the amount deposited.
Your anticipated cooperation is greatly appreciated.
The Ellis letter was receipted by Denise Augustine on April 16, 2002. The Austin, New Iberia and Sixth Street letters were returned, respectively as undelivered/return to sender, attempted/unknown and unclaimed. Denise Augustine did not respond to the letter.
On September 30, 2002, NORA filed suit to expropriate the subject property under its statutory authority. In its petition, NORA noted that Mr. Thomas, Ms. Augustine and Mr. Augustine were absent within the definition of La.C.Civ.P. art. 5251(1), which defines an absentee as a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state, or a person who may be dead, though the fact of his death is not known and, if dead, his heirs are unknown. For that reason, the petition sought the appointment of an attorney to represent the property owners pursuant to La.C.Civ.P. art. 5091 A(1)(a) and/or 5091 A(1)(c). The trial court, by order dated October 1, 2002, appointed attorney Catherine Smith to represent Mr. Thomas, Ms. Augustine and Mr. Augustine, or their successions, and any unknown heirs, if they should be deceased, and set trial of the expropriation suit for December 13, 2002.
In February of 2003, Ms. Smith filed a note of evidence stating, inter alia that her certified letter to the plaintiffs at the Sixth Street address was returned "unclaimed." Ms. Smith ran an advertisement in the Times-Picayune newspaper and, in response, Ms. Smith's paralegal received a call from Latoya Monique Augustine. The paralegal advised Ms. Augustine to contact Mr. Cade regarding the property. Ms. Smith received no further communication from the plaintiffs, nor did any of them contact Mr. Cade. Ms. Smith also filed an affidavit dated February 2, 2003, averring that she made a due and diligent effort to locate the absent defendants. The district court ultimately rendered judgment on September 15, 2003 expropriating the Sixth Street property, whereupon NORA sold the property pursuant to its statutory authority to Juanita Jackson.
In their petition for nullity of that judgment, the plaintiffs contend:
(1) The expropriation judgment is an absolute nullity under La.C.Civ.P. art.2002 and the Federal and State constitutions. La.C.Civ.P. art. 2002 A(2) provides in pertinent part that a final judgment shall be annulled if it is rendered against a defendant who has not been served with process as required by law.
(2) The expropriation judgment is a relative nullity under La.C.Civ.P. art.2004, which provides that a final judgment obtained by fraud or ill practices may be annulled provided that the nullity action is brought within one year of the plaintiffs' discovery of the fraud or ill practices.
The plaintiffs contend that Ms. Jackson knew that the plaintiffs lived in Louisiana and that they could be reached through Pashenia Thomas. However, the trial court did not accept the plaintiffs' allegation in this respect. They also contend that NORA requested appointment of a curator before service was attempted by the sheriff, that NORA did not make a reasonable or diligent effort to locate and serve the plaintiffs prior to seeking appointment of the curator, and that NORA made no effort to locate the plaintiffs after suit was filed.
In support of their claim of fraud and ill practices, the plaintiffs alleged that because NORA had been involved in an expropriation *1168 case wherein a judgment was reversed because of its failure to make a diligent effort to locate and serve the defendant prior to appointment of a curator it knew or should have known that service on a curator would violate due process. This begs the question of whether the curator in this case made such a diligent effort to locate the property owners.
The plaintiffs also alleged that NORA was guilty of fraud because its failure to comply with statutory and constitutional requirements relative to expropriation meant that NORA had no right of action and stated no cause of action against the plaintiffs. Because the plaintiffs did not receive notice of the adjudication hearing at which the property was declared blighted, there was no valid adjudication of blights and NORA had no right to expropriate the property. Because we find the record does not support the plaintiffs' claim of failure to comply with statutory and constitutional requirements, this claim is without merit.
The plaintiffs also allege that NORA did not offer the plaintiffs technical or financial assistance available for rehabilitation of the property as provided for in La.R.S. 33:4720.59 E(5). We note, however, that where the owners cannot be located, this requirement fails for impossibility.
The plaintiffs also allege that NORA failed to comply with the requirements of La.R.S. 19:2.2(A) to provide the name, address, methodology and evaluation of the appraiser and offer to compensate the owner in an amount equal at least to the lowest appraisal or evaluation. However, we note that Mr. Cade sent letters containing this information to the plaintiffs at their address of record as well as to those addresses discovered by his independent investigation.
On appeal, the plaintiffs contend that their motion for a preliminary injunction should have been granted, and assign two errors: (1) that under La.C.Civ.P. art. 3663 they are entitled to preliminary injunctive relief upon a prima facie showing that they owned or were in possession of the subject property for more than one year prior to the disturbance; and (2) that under La.C.Civ.P. art. 3601 they are entitled to preliminary injunctive relief upon a prima facie showing that they will prevail in their nullity action.
An appeal may be taken as a matter of right from an order or judgment relating to a preliminary injunction, but such an order or judgment shall not be suspended during the pendency of an appeal unless the court in its discretion so orders. La. C.Civ.Pro. art. 3612.
La.C.Civ.P. art. 3663 provides in pertinent part that injunctive relief to protect or restore possession of immovable property or of a real right therein, is available to a person who is disturbed in the possession which he and his ancestors in title have had for more than a year of immovable property of which he claims the ownership, the possession, or the enjoyment. Although under these circumstances the plaintiffs need not prove irreparable harm, they must make a prima facie showing that they will prevail on the merits. Monroe Real Estate & Development Co., Inc. v. Sunshine Equipment Co., Inc., 35,555 (La.App. 2 Cir. 1/23/02), 805 So.2d 1200.
Similarly, jurisprudence under the general injunction article, La.C.Civ.P. art. 3601(A), requires that the plaintiffs seeking a preliminary injunction must make a prima facie showing that they will prevail on the merits of the case. State ex rel Dept. of Social Services, Office of Family Support ex rel. Chesser v. Brunette, XXXX-XXXX (La.App. 4 Cir. 6/2/04), 876 So.2d 244; Licfro, Inc. v. State, ex rel Dept. of Revenue, *1169 Office of Alcohol and Tobacco Control, XXXX-XXXX (La.App. 4 Cir.10/1/03), 859 So.2d 739.
The plaintiffs contend that all they need to prove to make a prima facie showing that they are entitled to have the expropriation judgment declared null is that they were owners or possessors of a real right to the Sixth Street property for more than one year prior to the expropriation judgment. This argument is based on only one element at issue, and ignores the context of this case, where the issue is whether the expropriation was based upon appropriate legal proceedings in which federal and state due process were afforded to the property owners.
To state a claim of violation of federal procedural due process, the plaintiffs must allege a violation of a right secured by the federal constitution or laws of the United States and demonstrate that the alleged deprivation was committed by a person acting under color of state law. See Moore v. Willis Indep. School Dist., 233 F.3d 871, 874 (5th Cir.2000). The plaintiffs clearly have a protected property interest in 831-33 Sixth Street, that is, the right to devote the property to any legitimate use. Washington ex rel. Seattle Title Trust Co. v. Roberge, 278 U.S. 116, 121, 49 S.Ct. 50, 51, 73 L.Ed. 210 (1928). Thus, the plaintiffs were entitled to constitutional procedural due process before NORA could deprive them of that property interest.
The next question to be addressed is, to what process are these plaintiffs entitled? In Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), the Supreme Court held that an elementary and fundamental requirement of due process in any proceeding to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their claims. In determining whether notice was reasonable, due regard for the practicality and peculiarities of the case must be considered. Id. In this case, it was the plaintiffs own actions in failing to comply with the Louisiana recordation statute, that caused notice to be difficult if not impossible. Furthermore, the means employed must be such as one desirous of informing the absentee might reasonably adopt to accomplish it. Clearly, NORA's counsel and the curator endeavored assiduously to locate the property owners, using traditional means such as local directories and newspaper publication as well as internet data bases.
Notice was mailed to the tax roll address, as well as to all addresses located by the various means referred to herein. Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interest of any party if its name and address are reasonably ascertainable. Mennonite Bd. Of Missions v. Adams, 462 U.S. 791, 800, 103 S.Ct. 2706, 2712, 77 L.Ed.2d 180 (1983).
In Dusenbery v. United States, 534 U.S. 161, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002), the Supreme Court clarified the scope of the Mennonite decision, rejecting the contention that the latter required actual receipt of notice to satisfy due process. Dusenbery holds that all that is required is that the state attempt to provide actual notice.
We find that the record supports a finding that the curator and NORA's counsel made all reasonable efforts to ascertain the plaintiffs' respective addresses and, in the case of Ms. Augustine, the curator achieved actual notice. Therefore, we do *1170 not find a violation of the plaintiffs' rights to federal due process.
We likewise find that there is no proof of violation of state due process. The Louisiana Constitution of 1974 provides that no person shall be deprived of life, liberty or property, except by due process of law. La. Const. Art. 1, § 2. Unlike the Louisiana Constitution's provision on equal protection, which is distinct from that provided in the Fourteenth Amendment to the federal Constitution, the guarantee of due process does not vary from the federal provision. Progressive Sec. Ins. Co. v. Foster, 97-2985, p. 22 (La.4/23/98), 711 So.2d 675, 688; Plaquemines Parish Gov't v. River/Road Constr., Inc., 2001-2222, p. 11 (La.App. 4 Cir. 8/28/02), 828 So.2d 16, 24. Applying the Mennonite/Dusenbery standard, we find that NORA's and the curator's actions were reasonable endeavors to provide actual notice of the pendency of the blighted property process and the expropriation litigation to the plaintiffs.
The plaintiffs contend that the curator was not appointed properly because sheriff's service had not been attempted on the property owners prior to her appointment. The record clearly supports a finding that such service would not have been any more effective than the previous attempts directing certified mail to the property owners. There is no requirement that NORA attempt a proven vain and useless act.
The plaintiffs claim that the expropriation petition was deficient because the allegations made therein and the exhibits attached thereto were not verified or supported by affidavit. Plaintiffs rely on La. C.Civ.P. art. 2637(A), which provides an exception to the general rule requiring authentic evidence of a plaintiff's right to use executory process to enforce a mortgage, security agreement or privilege. According to the article, the need for appointment of a curator in an executory process case may be made by verified petition or affidavit, and does not require authentic proof. This article is inapplicable to the instant case, because NORA did not seek to use executory process in its expropriation suit. The suit proceeded via ordinaria against the defendants. Likewise, the case of Security Homestead Ass'n v. Fuselier, 591 So.2d 335 (La.1991) relied upon by the plaintiffs involved appointment of a curator in an executory proceeding and is not applicable to the instant case. We find no statutory or jurisprudential basis for application of executory process procedural requirements to a non-executory expropriation suit.
The plaintiffs have not shown that the various notices were not reasonably calculated under all circumstances to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. Under the circumstances of this case, the curator and NORA's counsel were diligent in their efforts to locate the property owners. The curator did, in fact, locate one of the owners, Ms. Augustine, who was advised of the pendency of the expropriation, and who for whatever reason did not enter a legal objection to it. We cannot determine from the record whether Ms. Augustine notified Mr. Augustine and Mr. Thomas of the imminent expropriation of their co-owned property.
The plaintiffs' not having shown the likelihood of prevailing on the merits of their due process claim, there has been no showing that the trial court's judgment denying the preliminary judgment is erroneous. Whether the preliminary injunction was sought under La.C.Civ.P. art. 3601 or La. C.Civ.P. art. 3663, the plaintiffs had the burden of showing that likelihood. Ormond Country Club v. Dorvin Developments, *1171 Inc., 498 So.2d 144, 150 (La.App. 5 Cir.1986). The plaintiffs did not demonstrate at the preliminary hearing that the curator was improperly appointed or that she did not perform her duties in an appropriate manner. Indeed, she did succeed in making contact with one of the owners, Ms. Augustine, and advising her of the pendency of the proceedings. At this stage of the proceedings, the former owners are not entitled to injunctive relief.
For the foregoing reasons, we affirm the judgment of the trial court and assess the costs of this appeal to the appellants.
AFFIRMED.