| DEEPWATER PROPERTY MANAGEMENT LLC | * | NO. 2023-CA-0612 |
|---|---|---|
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| CITYWIDE DEVELOPMENT SERVICES, L.L.C.; LARRY VAN JACKSON, JR.; CITY OF NEW ORLEANS; AND CHELSEY RICHARD NAPOLEON | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-03797, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**Judge Nakisha Ervin-Knott**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Rosemary Ledet, Judge Nakisha Ervin-Knott)

Justin B. Schmidt
LAW OFFICE OF JUSTIN B. SCHMIDT, LLC
1506 Seventh Street
New Orleans, Louisiana 70115

     COUNSEL FOR PLAINTIFF/APPELLEE

Kyle S. Sclafani
THE LAW OFFICE OF KYLE S. SCLAFANI
4130 Canal Street
New Orleans, Louisiana 70119

     COUNSEL FOR DEFENDANT/APPELLANT

                      **AFFIRMED**
                      **MARCH 15, 2024**

NEK
TFL
RML

Citywide Development Service, LLC ("Citywide") seeks review of the trial court's July 20, 2023 judgment granting Deepwater Property Management, LLC's ("Deepwater") petition for preliminary injunction. After considering the record before this Court, we affirm the trial court's judgment.

## Relevant Facts and Procedural History

On May 18, 2007, Deepwater acquired the immovable property located at 1539 Soniat Street, New Orleans, Louisiana 70115 (the "Property"), in an Act of Cash Sale. Deepwater's principal, Lynell Zelenka ("Ms. Zelenka"), utilized the Property as her primary residence. The Property was declared "blighted" and a "public nuisance" by the City of New Orleans, Code Enforcement and Hearings Bureau on October 22, 2022. Thereafter, Citywide performed several actions in an attempt to acquire ownership of the Property in accordance with La. R.S. 9:5633. On January 13, 2023, Citywide, acting through its principal, Larry Van Jackson ("Mr. Jackson"), registered an *Affidavit of Intent to Possess by Citywide Development Services, LLC* ("*Affidavit of Intent to Possess*") in the Conveyance Records of the Orleans Parish Clerk of Court. Additionally, on March 14, 2023, Citywide, acting through Mr. Jackson, registered an *Affidavit of Possession by*

*Citywide Development Services, LLC* ("*Affidavit of Possession*") in the Conveyance Records of the Orleans Parish Clerk of Court. In the *Affidavit of Possession*, Citywide stated that it obtained corporeal possession of the Property on March 13, 2023, by completing certain remediation activities.

In response to Citywide's actions, on April 19, 2023, Deepwater registered an *Affidavit of Nullification for Failure to Comply with the Provisions of LS R.S. §9:5633(A)* ("*Affidavit of Nullification*") in the Conveyance Records of the Clerk of Court for Orleans Parish. Furthermore, on April 27, 2023, Deepwater filed a verified petition for petitory action, temporary restraining order, preliminary injunction and permanent injunction, petition for mandamus and damage against Citywide and the City of New Orleans. Deepwater sought injunctive relief against Citywide preventing it from entering the Property, doing any further construction work, or interfering with its peaceful possession. The hearing on Deepwater's preliminary injunction was held on May 11, 2023, and at the conclusion of the hearing, the trial court orally granted the preliminary injunction. The trial court rendered written judgment on July 20, 2023, and it provided in pertinent part:

> **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Petitioner, Deepwater Property Management, LLC's Petition for Preliminary Injunction is hereby **GRANTED**, and that a Preliminary Injunction issue herein, upon the rollover/transfer of the $2,500.00 bond currently held by the Clerk of Court in her registry for the previously-issued Temporary Restraining Order in this matter, directed to Citywide Development Services, L.L.C, and Larry Van Jackson, Jr., restraining, enjoining and prohibiting Defendants, Citywide Development Services, L.L.C, and Larry Van Jackson, Jr., from: 1) entering or doing or directing or causing anyone to enter or do any further work (constructive or destructive) on 1539 Soniat Street, New Orleans, Louisiana 70115, pending further Order of this Court; and 2) interfering or directing or causing anyone to interfere with Petitioner, Deepwater Property Management, LLC's peaceful possession of 1539 Soniat Street, New Orleans, Louisiana 70115, pending further Order of this Court;

This appeal ensued.[1]

## Standard of Review

An appellate court reviews a trial court's decision on the grant or denial of a preliminary injunction under the abuse of discretion standard of review. Discussing the standard of review, this Court has explained:

> 'A trial court has broad discretion in the granting or denial of a preliminary injunction, and will not be disturbed on review absent clear abuse of that discretion.' *Cajun Elec. Power Co-op., Inc. v. Triton Coal Co.*, [19]91-1816, 590 So. 2d 813, 816 (La. App. 4 Cir. 1991); *Smith v. West Virginia Oil & Gas Co.*, 373 So. 2d 488, 493 (La. 1979). That broad standard is, of course, based upon a conclusion that the trial court committed no error of law and was not manifestly erroneous or clearly wrong in making a factual finding that was necessary to the proper exercise of its discretion. *See South East Auto Dealers Rental Ass'n, Inc. v. EZ Rent To Own, Inc.*, [20] 07-0599, pp. 4-5 (La. App. 4 Cir. 2/27/08), 980 So. 2d 89, 93.

*Waiters v. deVille*, 2020-0556, p. 8 (La. App. 4 Cir. 12/30/20), 365 So.3d 544, 552 (quoting *Yokum v. Pat O'Brien's Bar, Inc.*, 2012-0217, pp. 6-7 (La. App. 4 Cir. 8/15/12), 99 So.3d 74, 80). *See also Ard v. GrrlSpot, LLC*, 2019-0312, p. 14 (La. App. 4 Cir. 10/23/19), 364 So.3d 358, 367.

## Preliminary Injunction

"A preliminary injunction is an interlocutory procedural device designed to preserve the existing status quo between the parties, pending trial on the main demand." *Ard*, 2019-0312, p. 14, 364 So.3d at 366 (citing *Desire Narcotics Rehab. Inc. v. State Dep't of Health & Hosps.*, 2007-0390, p. 4 (La. App. 4 Cir. 10/17/07),

---

[1] On August 2, 2023, Citywide filed a notice of intent to seek a writ of the trial court's written July 20, 2023 judgment. This Court, in *Deepwater Property Management, LLC v. Citywide Development Service, LLC, et al*, 2023-0505 (La. App. 4 Cir. 8/8/23), noted that the trial court's judgment granting injunctive relief was an appealable judgment pursuant to La. C.C.P. art. 3612. Inasmuch as Citywide's notice of intent was done within fifteen days of the judgment, the writ was granted for the sole purpose of remanding the matter to the trial court to consider the notice of intent as a motion for appeal. On remand, the notice of intent was converted to a motion for appeal.

970 So.2d 17, 20). The party moving for a preliminary injunction bears the burden of proof and must show that (1) the mover will suffer irreparable injury, loss, or damage if the motion is not granted; (2) the mover is entitled to the relief sought; and (3) the mover will likely prevail on the merits of the case. *Mercadel v. New Orleans Jazz & Heritage Festival & Foundation, Inc.*, 2022-0242, p. 11 (La. App. 4 Cir. 4/20/22), 338 So.3d 589, 597-598 (citing *ERG Enters., LLC v. Green Coast Enters., LLC*, 2019-1104, p. 10 (La. App. 4 Cir. 5/13/20), 299 So.3d 1194, 1201). This Court has explained that the procedural requirements to satisfy "the standard of proof required to meet the elements for a preliminary injunction differ[ ], contingent upon whether the preliminary injunction sought is a prohibitory injunction or a mandatory injunction." *Ard,* 2019-0312, p. 14, 364 So.3d at 367 (citing *Denta-Max v. Maxicare La., Inc.*, 1995-2128, p. 3 (La. App. 4 Cir. 3/14/96), 671 So.2d 995, 997). A mandatory injunction orders the doing of something, while a prohibitory injunction seeks to restrain conduct. *Id.*, pp. 14-15, 364 So.3d at 367 (citing *Denta-Max*, 1995-2128, p. 2, 671 So.2d at 997; *Yokum*, 2012-0217, p. 9, 99 So.3d at 81). In explaining the different procedural requirements between a mandatory versus a prohibitory injunction, this Court has stated:

> "[A] prohibitory injunction, which simply preserves the status quo until a full trial on the merits, may be issued on a prima facie showing by the party seeking the injunction." [*Denta-Max*, 1995-2128, p. 3, 671 So.2d at 997]. A mandatory injunction, however, has the same basic effect as a permanent injunction, and may not be issued on merely a prima facie showing that the party seeking the injunction can prove the necessary elements. *Id.* "Instead, the party seeking a mandatory injunction must show by a preponderance of the evidence at an evidentiary hearing that he is entitled to the preliminary injunction. *Id.* (citing *Bollinger Mach. Shop & Shipyard, Inc. v. U.S. Marine, Inc.*, 595 So.2d 756, 759 (La. App. 4th Cir. 1992)).

*Id.*, 2019-0312, p. 15, 364 So.3d at 367 (quoting *Meredith v. I Am Music, LLC*, 2018-0659, pp. 5-6 (La. App. 4 Cir. 2/13/19), 265 So.3d 1143, 1146).

4

Regarding the first element, irreparable injury is "a loss sustained by an injured party which cannot be adequately compensated in money damages or for which such damages cannot be measured by a pecuniary standard." *State ex rel. Dep't of Soc. Servs., Office of Family Support ex rel. Chesser v. Brunette*, 2003-1965, p. 3 (La. App. 4 Cir. 6/2/04), 876 So.2d 244, 247 (quoting *Terrebonne Par. Police Jury v. Matherne*, 405 So.2d 314, 319 (La. 1981)). However, if the mover seeks a prohibitory preliminary injunction, as opposed to a mandatory one, then the mover may be entitled to injunctive relief without the requisite showing of irreparable injury. To avail oneself of this exception, the mover must make a *prima facie* showing that the conduct sought to be restrained is unconstitutional or unlawful, i.e., it constitutes a direct violation of a prohibitory law and/or a violation of a constitutional right. *Jurisich v. Jenkins*, 1999-0076, p. 4 (La. 10/19/99), 749 So.2d 597, 599 (citing *S. Cent. Bell Tel. Co. v. La. Pub. Serv. Comm'n*, 555 So.2d 1370 (La. 1990)). *See also Phillips' Bar & Restaurant, Inc. v. City of New Orleans*, 2012-1306, p. 23 (La. App. 4 Cir. 4/24/13), 116 So.3d 92, 107; *Yokum*, 2012-0217, p. 8, 99 So.3d at 81. Thereafter, the trial court will grant the prohibitory preliminary injunction if the trial court determines the following requirements: (a) the conduct violates a prohibitory law (ordinance or statute) or the constitution; (b) the injunction seeks to restrain conduct, not order it (i.e., is prohibitory as opposed to mandatory); and (c) the mover has met the burden of making a *prima facie* showing that he is entitled to the relief sought. *See Yokum*, 2012-0217, pp. 8-9, 99 So.3d at 81. "Further, the jurisprudence makes clear that only *direct* violations of a prohibitory law may be enjoined without a showing of irreparable harm." *Two Canal Street Investors, Inc. v. New Orleans Bldg. Corp.*, 2015-0924, p. 13 (La. App. 4 Cir. 4/20/16), 193 So.3d 278, 287 (citing *Broadmoor,*

5

*L.L.C. v. Ernest N. Morial New Orleans Exhibition Hall Authority*, 2004-0211, p. 6 (La. 3/18/04), 867 So.2d 651, 656). "Courts have found this prerequisite satisfied only when there has been a clear violation of express law, not cases of arguable violations." *Id*., 2015-0924, pp. 13-14, 193 So.3d at 287 (citing *Hobbs v. Gorman*, 595 So.2d 1264, 1266 (La. App. 4 Cir. 1992)).

**Discussion**

On appeal, Citywide presents four assignments of error[2], which we find can be succinctly summarized into two salient issues for this Court to consider: (1) whether the trial court erred when it granted the preliminary injunction enjoining Citywide from possessing, doing any work on, or disturbing Deepwater's peaceful possession of the Property; and (2) whether the trial court erred in terminating Citywide's possession of the Property without considering its reimbursement claim.

### A. Issue No. 1 – Preliminary Injunction

In its brief to this Court, Citywide asserts that the trial court erred in issuing a mandatory injunction against Citywide without conducting a full and proper

---

[2] Specifically, Citywide asserted that:

> (1) The trial court erred by enjoining Citywide from doing any further work on the Property or "disturbing Deepwater's peaceful possession" because Citywide—not Deepwater--was exercising civil and peaceful possession of the Property when suit was filed.

> (2) The trial court erred in concluding the recordation of the Affidavits of Nullification by Deepwater terminated Citywide's right to possess the Property and to be reimbursed under the Statute.

> (3) The trial court erred in issuing a mandatory injunction enjoining Citywide from possessing the Property and evicting it from the Property without conducting a full and proper evidentiary hearing.

> (4) The trial court erred in terminating Citywide's possession of the Property without first determining the value of its reimbursement claim and ordering it to be paid by Deepwater.

evidentiary hearing. As the procedural requirements to satisfy the standard of proof required to meet the elements for a preliminary injunction differ depending upon whether the preliminary injunction sought is a prohibitory or mandatory one, we commence our analysis by determining whether the injunctive relief sought by Deepwater was prohibitory or mandatory. *Mercadel*, 2022-0242, p. 9, 338 So.3d at 596-97 (quoting *Ard*, 2019-0312, p. 14, 364 So.3d at 367). Deepwater sought to enjoin Citywide from entering the Property, doing any further construction work, or interfering with its peaceful possession. Because Deepwater sought to restrain conduct rather than order conduct, this was a request for a prohibitory injunction, not a mandatory one. *Ard*, 2019-0312, pp. 14-15, 364 So.3d 358, 367. Having determined that this was a request for a prohibitory preliminary injunction, we next determine whether Deepwater made a *prima facie* showing that (1) they would suffer irreparable injury, loss, or damage if the preliminary injunction was not granted; (2) they were entitled to the relief sought; and (3) they will likely prevail on the merits of the case.

Beginning with the irreparable injury element, Deepwater maintains that it did not need to prove irreparable harm. A claimant does need to prove the irreparable harm requirement when the purpose for the injunction is "to protect or restore possession of immovable property or of a real right in immovable property of which he claims ownership, possession or enjoyment." La. C.C.P. art. 3663; *Jackson v. Pfeifer*, 2014-0062, p. 6 (La. App. 4 Cir. 11/12/14), 152 So.3d 998, 1002. Although proof of irreparable harm is not required under La. C.C.P. art. 3663, this article does require proof of possession for one year prior to the disturbance, and suit must be filed within one year of the disturbance. *David v. Dixie Rice Agricultural Corporation*, 379 So.2d 62 (La. App. 3rd Cir. 1979); *Parkway Development*

*Corporation v. City of Shreveport*, 330 So.2d 646 (La. App. 2nd Cir.1976). Deepwater presented evidence which verified that it acquired the Property in 2007 and had not alienated it prior to Citywide's filing of its *Affidavit of Intent to Possess* on January 13, 2023, and *Affidavit of Possession* on March 14, 2023. Thus, Deepwater established proof of possession for at least one year prior to Citywide's disturbance. As Deepwater petitioned for a preliminary injunction in order to protect its possession of the Property under La. C.C.P. art. 3663, it was not required to prove irreparable harm.

The next elements for consideration are whether Deepwater made a prima facie showing that it was entitled to a preliminary injunction and would likely prevail on the merits of the case. Deepwater sought an injunction against Citywide enjoining it from entering the Property, doing any further construction work, or interfering with Deepwater's peaceful possession of the Property pending the trial on the matter. During the hearing, Deepwater presented undisputed evidence that it purchased the Property in 2007, retained title ownership of the Property, and maintained corporeal possession of the Property from date of purchase until Citywide initiated its attempt to obtain ownership of the Property in accordance with La. R.S. 9:5633.

Citywide registered two affidavits required under La. R.S. 9:5633 in the Conveyance Records of the Orleans Parish Clerk of Court – an *Affidavit of Intent to Possess* and an *Affidavit of Possession.* In response to these filings, Deepwater registered an *Affidavit of Nullification* in the Conveyance Records of the Orleans Parish Clerk of Court. When a party does not comply with the requirements of La. R.S. 9:5633(A), "any interested party may execute and file in the conveyance records an affidavit describing the instance or instances of the possessor's failure to comply with the provisions of Subsection A of this Section…." La. R.S. 9:5633(J).

Importantly, this affidavit "shall be conclusive evidence of the failure of the possessor to comply with the requirements necessary to acquire the immovable by the prescription provided for in this Section and shall act to nullify the filed affidavit of intent to possess…and the filed affidavit of possession…as if the said affidavits were never filed, without any need to have said affidavits canceled or released of record." *Id.*

Citywide cites to *1137 N. Robertson, LLC v. Jackson*, 2019-0553 (La. App. 4 Cir. 11/20/19), 364 So.3d 72, to support its position that the trial court erred in determining that Deepwater's *Affidavit of Nullification* alone was sufficient to terminate Citywide's possession of the Property without requiring a trial on the merits. However, *1137 N. Robertson, LLC v. Jackson* is procedurally distinguishable from the matter before this court. While the trial court in *1137 N. Robertson, LLC* was dealing with the confirmation of a default judgment and held a trial on the merits, the trial court in this case was dealing with a preliminary injunction and not a final trial on the merits. After a trial on the merits, the trial court in *1137 N. Robertson, LLC* concluded that the LLC met all of requirements of La. R. S. 9:5633(A). However, in this case, the trial court was not required to hold a trial on the merits for this particular preliminary injunction.

Under La. R. S. 9:5633(J), Deepwater's *Affidavit of Nullification* was sufficient evidence that it was entitled to a preliminary injunction and would likely prevail on the merits of its petitory action. Furthermore, Deepwater's photographs attached to its petition and reviewed by the trial court showed inaccuracies in the remediation activities Citywide stated it performed on the Property in its *Affidavit of Possession* and the actual condition of the property. Based on the applicable standard of proof required to meet the elements for a prohibitory injunction, we conclude that

9

the trial court did not abuse its discretion in finding that a preliminary injunction was warranted as Deepwater demonstrated that it was entitled to such relief.

### B. Issue No. 2 – Reimbursement Claim

Citywide also asserts that its possession of the Property was terminated without any consideration of its reimbursement claim. This argument is flawed. At the preliminary injunction stage of this litigation, the trial court was not tasked with considering any of Citywide's potential reimbursement claims nor would any reimbursement claims be relevant in determining Deepwater's right to injunctive relief. Deepwater made a prima facie showing of its ownership interest in the Property and Citywide's lack of compliance with La. R.S. 9:5633, thus warranting the preliminary injunction. Ultimately, the trial court will have to determine at a trial on the merits whether Citywide has fully complied with La. R.S. 9:5633 in order for it to obtain ownership of the Property or any reimbursements for improvements and expenses paid for the Property.

### Decree

For the forgoing reasons, the trial court's July 20, 2023 judgment granting Deepwater's petition for preliminary injunction is affirmed.

**AFFIRMED**