450 So.2d 1128 (1984)
FIESTA FASHIONS, INC. and United States Fidelity and Guaranty Company, Appellants,
v.
Matilde CAPIN and the Division of Workers' Compensation, Appellees.
No. AT-386.
District Court of Appeal of Florida, First District.
March 19, 1984.
Rehearing Denied June 12, 1984.
*1129 Robert H. Gregory, Miami, for appellants.
Jerold Feuer, Miami, for appellees.
SHIVERS, Judge.
In this workers' compensation case, the employer/carrier appeal the deputy commissioner's order which finds that the employer/carrier's handling of the claim constituted bad faith and awards attorney's fees. We affirm that portion of the order which finds bad faith, but reverse and remand on the issue of the amount of the attorney's fees.
Section 440.34, Florida Statutes (1979), contains a sliding fee schedule. However, a deputy commissioner must consider certain listed criteria in each case and may increase or decrease the attorney's fee if the circumstances of a particular case warrant such action. The statute embodies a legislative intent to standardize fees absent exceptional circumstances, and when a deputy commissioner departs from the statutory schedule, the order should reflect that he considered all of the relevant, prescribed factors to the extent that circumstances permit. Roundtree Transport, Inc. v. Godek, 412 So.2d 66 (Fla. 1st DCA 1982).
In the instant case, the order restates the statutory criteria and states that these factors were considered. The only specific fact mentioned, however, was the amount of time expended in prosecuting the claim, 49 1/2 hours. The order does not elaborate on this fact or make any attempt to justify a fee which is significantly in excess of the statutory sliding scale. Cf. Florida Power & Light Co. v. Haycraft, 421 So.2d 674 (Fla. 1st DCA 1982); Godek, supra. See also Roundtree Transportation, Inc. v. Godek, 430 So.2d 974 (Fla. 1st DCA 1983) (same case as Godek, supra, on appeal after new order on remand).
The order is reversed and remanded and the deputy commissioner is directed to make specific findings of fact relative to the statutory criteria along with an explanation of why the facts would justify the fee awarded, or to award a fee based on the statutory schedule. In all other respects, the order is affirmed.
JOANOS and THOMPSON, JJ., concur.

ON MOTION FOR REHEARING
SHIVERS, Judge.
Appellants ask this court on motion for rehearing to "clarify the issue as to when a claim for `bad faith' may be made and at what point it is too late to make a claim for `bad faith'." Since this issue was not raised by appellants' briefs on the hearing of this case, it was not overlooked by this court and cannot be raised for the first time on motion for rehearing. See Sarmiento v. State, 371 So.2d 1047, 1052-53 (Fla. 3d DCA 1979), approved, 397 So.2d 643 (Fla. 1981), and cases cited therein.
Appellants also request that this court clarify "whether or not the `bad faith' must be `bad faith' that occurred prior to bringing the claim or prior to the first hearing rather than `bad faith' that may have occurred after the first hearing... ." Although an argument in regard to this point was made in appellants' briefs on appeal, this issue was never substantially raised before the deputy commissioner. Therefore, we decline to address this issue on appeal. Sunland Hospital/State of Florida v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982).
Motion for rehearing DENIED.
JOANOS and THOMPSON, JJ., concur.