MILLS, Judge.
Florida Frozen Foods and Fidelity & Casualty Company of New York (E/C) appeal from an order of the deputy commissioner (D/C) awarding attorney’s fees to claimant Parks on the ground of bad faith, pursuant to Section 440.34(3), Florida Statutes (1983). Under the particular circumstances of this case, we reverse.
Parks’ injury occurred in 1980. The E/C paid benefits until August 1981, when Parks’ physician found that he had reached MMI with full ability to work. He obtained *1349 employment, but was laid off at the end of September. In order to obtain further compensation benefits, Parks retained counsel who filed a claim with the E/C on his behalf on 1 December 1981. The claim sought temporary benefits and “attorney’s fees to be assessed against the employer/carrier.”
The E/C received the claim on 9 December. After incorrectly informing Parks’ counsel that benefits were at that time being paid, the E/C contacted Parks’ physician in January 1982 who recommended additional tests. Based on the test results, the E/C agreed to reinstate Parks’ benefits backdated to 15 December 1981. Payment recommenced on 2 March 1982.
The reinstatement of benefits narrowed the scope of the 10 June 1982 hearing of the December 1981 claim to Parks’ entitlement to benefits for the period between 29 September and 15 December 1981. The claim for attorney’s fees was also an issue, framed by the D/C as “whether the Employer/Carrier is liable for any penalties, interest and attorney’s fees.” Parks’ claim for benefits was denied. The D/C did not specifically refer to the attorney’s fee claim, but held that “the pending claims arising out of this accident ... are hereby denied.” The order was not appealed.
Approximately two years after this disposition, Parks sought an award of attorney’s fees pursuant to Section 440.34(3), Florida Statutes (1983), based on the alleged bad faith conduct of the E/C between 15 December 1981 (the date to which Parks’ reinstated benefits were backdated) and 2 March 1982 (the date on which the benefits were recommenced). The E/C disputed the claim, arguing that the June 1982 order denying the pending attorney’s fee claim was res judicata as to the bad faith claim or, alternatively, that because the bad faith claim had matured by the 1982 hearing, Parks’ failure to raise it at that time barred the later action. The E/C also denied bad faith. The D/C agreed with Parks and awarded a fee based on a finding that the E/C’s delay in reinstating Parks’ benefits was caused by its inadequate investigation of the December 1981 claim.
The D/C improperly considered Parks’ claim for bad faith attorney’s fees. It is true that worker’s compensation cases are, of necessity, taken up piecemeal. Such cases require this treatment because the various entitlements of the claim mature at different times as the course of recovery progresses. The import of this principle is that claims for various benefits may be treated as they mature, while determination of immature claims is necessarily postponed until they are ripe. This procedure neither requires nor permits piecemeal litigation of claims after maturity. Hunt v. International Minerals and Chemical Corp., 410 So.2d 640, 641 (Fla. 1st DCA 1982). The bad faith claim presented herein was mature at the time of the June 1982 hearing, as the conduct allegedly constituting bad faith was confined to the period between 15 December 1981 and 2 March 1982.
Parks’ counsel contended at oral argument that if this claim had been made at the 1982 hearing, it would have operated to “cut off” any claim for fees based on benefits accruing after the hearing. He did not explain, however, why the alleged bad faith conduct was not presented to the D/C simply to determine Parks’ entitlement to bad faith fees. Jurisdiction could then have been reserved to determine the amount of the fee.
Parks also argues that the limited scope of the 1982 hearing obviated the need to argue bad faith conduct occurring during a different period. We disagree. In Hunt, the D/C dismissed a claim for temporary benefits based on a previous, unap-pealed final order awarding permanent benefits. On appeal, the claimant argued that because the previous hearing had been limited by stipulation to a consideration of permanent benefits, any right to temporary benefits was not waived by claimant’s failure to raise it at that time. This court disagreed, holding that if the temporary benefits were due, the stipulation limiting the hearing to permanent benefits should not have been made. If the D/C erred in failing to determine temporary benefits, *1350 that argument was properly made on appeal. Similarly, any argument that Parks’ entitlement to bad faith fees was not determined by the D/C, whose final order plainly denied all “pending claims,” should have been made on an appeal from that order, the time for which is long past.
We reverse and remand for entry of an order denying Parks’ claim for bad faith attorney’s fees. Parks’ motion for appellate attorney’s fees is denied.
SMITH and THOMPSON, JJ., concur.