590 So.2d 7 (1991)
David M. DOBBS, Appellant,
v.
SUNCOAST ACOUSTICS and Claims Center, Appellees.
No. 91-758.
District Court of Appeal of Florida, First District.
November 20, 1991.
Linda L. Winchenbach and Daniel L. Hightower, P.A., Ocala, for appellant.
Patrick O. Helm, of McCarty & Helm, P.A., Gainesville, for appellees.
ERVIN, Judge.
David Dobbs, the claimant below, appeals from a final workers' compensation order directing Suncoast Acoustics and Claims Center, the employer and its carrier (E/C), to pay attorney's fees of $18,000, plus taxable costs, to claimant's counsel on the ground of bad faith in connection with his claim for permanent total disability benefits. Claimant contends that the judge of compensation claims (JCC) should have awarded $65,850 in attorney's fees pursuant to the guideline formula established in Section 440.34(1), Florida Statutes (1987), and that the JCC erred by reducing the guideline fee without considering all of the *8 factors set forth in sections 440.34(1)(a)-(h), and by reducing the hours used to calculate the fee. We affirm in part, and reverse and remand in part.
Section 440.34(1) sets forth the criteria for calculating attorney fee awards in workers' compensation cases.[1] This statute embodies the legislature's intent to standardize such fees absent special circumstances. Fumigation Dep't v. Pearson, 559 So.2d 587, 590 (Fla. 1st DCA 1989); Fiesta Fashions, Inc. v. Capin, 450 So.2d 1128, 1129 (Fla. 1st DCA 1984). When a JCC departs from the statutory schedule, the order entered should reflect that the judge has considered all relevant, prescribed factors to the extent the circumstances permit. Fumigation Dep't, 559 So.2d at 590; Fiesta Fashions, 450 So.2d at 1129. The order here, unlike that contained in Fumigation Department, fails to set out each factor provided in sections 440.34(1)(a)-(h) and fails to relate those factors to the circumstances of the case. Consequently, the order must be reversed and remanded with directions to the JCC to make specific findings. Fiesta Fashions.
On remand, the JCC may once again delete 3.25 hours expended by the claimant's attorney in connection with proving the amount of the attorney's fee award. Crittenden Orange Blossom Fruit v. Stone, 514 So.2d 351, 353 (Fla. 1987); Wiseman v. AT & T Technologies, Inc., 569 So.2d 508, 513 (Fla. 1st DCA 1990) (an attorney is entitled to recover fees for his or her efforts involved in proving entitlement to a bad faith attorney's fee, but not that time expended in establishing the amount of the fee).
Regarding the JCC's previous deduction of 26 hours on the ground that such hours were duplicative, because the services were rendered prior to a February 1, 1990 stipulation in which the parties agreed that claimant's counsel was entitled to attorney's fees in the amount of $3,000, it is impossible for this court to decide on the record before us whether the JCC correctly reduced the same. Although a claimant may be precluded from asserting an untimely bad faith attorney's fee claim, see Florida Frozen Foods, Inc. v. Parks, 475 So.2d 1348 (Fla. 1st DCA 1985), we cannot ascertain when the bad faith claim at bar matured or when it was made or upon what evidence  pre-stipulation or post-stipulation conduct  the JCC relied in determining the existence of bad faith. Consequently, the JCC is directed to make more specific findings in this regard on remand.
AFFIRMED in part, REVERSED in part, and REMANDED for clarification.
SHIVERS and WIGGINTON, JJ., concur.
NOTES
[1] Section 440.34(1) provides, in pertinent part, as follows:

[A]ny attorney's fee approved by a deputy commissioner shall be equal of 25 percent of the first $5,000 of the amount of the benefits secured, 20 percent of the next $5,000 of the amount of the benefits secured, and 15 percent of the remaining amount of the benefits secured. However, the deputy commissioner shall consider the following factors in each case and may increase or decrease the attorney's fee if, in his judgment, the circumstances of the particular case warrant such action:
(a) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
(b) The likelihood, if apparent to the claimant, that the acceptance of the particular employment will preclude employment of the lawyer by others or cause antagonisms with other clients.
(c) The fee customarily charged in the locality for similar legal services.
(d) The amount involved in the controversy and the benefits resulting to the client.
(e) The time limitation imposed by the claimant or the circumstances.
(f) The nature and length of the professional relationship with the claimant.
(g) The experience, reputation, and ability of the lawyer or lawyers performing services.
(h) The contingency or certainty of a fee.