KAHN, Judge.
The employer and its carrier, Royal Services, Inc. and Liberty Mutual Insurance Company (E/C), appeal from a final workers’ compensation order directing them to pay attorney’s fees of $25,000.00 to claimant’s counsel. The E/C argue that the Judge of Compensation Claims (JCC) erred in departing from the statutory fee schedule without including an analysis of each factor set forth in section 440.34(l)(a)-(h), Florida Statutes (1987). We reverse and remand.
When the JCC departs from the statutory fee schedule contained in section 440.34(1), Florida Statutes, the order should reflect that the JCC considered “all relevant prescribed factors to the extent the circumstances permit.” Dobbs v. Suncoast Acoustics, 590 So.2d 7, 8 (Fla. 1st DCA 1991). See Fumigation Dep’t v. Pearson, 559 So.2d 587, 590 (Fla. 1st DCA 1989); Fiesta Fashions, Inc. v. Capin, 450 So.2d 1128, 1129 (Fla. 1st DCA 1984). The JCC should also determine whether a departure is justified by considering the overall effect of the factors in section 440.-34(l)(a)-(h). Marsh v. Benedetto, 566 So.2d 324 (Fla. 1st DCA 1990). The order in the instant case does not set forth a sufficient analysis of the factors in section 440.34(l)(a)-(h) and does not indicate whether the JCC considered all of the factors before imposing a fee in excess of the statutory amount. Accordingly, the order must be reversed and remanded for the JCC to make specific findings in accordance with section 440.34(l)(a)-(h) and to determine whether these factors justify an increase in the statutory fee award.
REVERSED and REMANDED.
SHIVERS and ZEHMER, JJ„ concur.