PAUL A. BONIN, Judge.
| Peterson M. Yokum[1] complains that Pat O’Brien’s Bar, Inc., violates applicable municipal noise ordinances and similar state statutes by playing excessively loud music, which prevents Mr. Yokum from comfortably enjoying his property.[2] The *77 trial court issued a preliminary injunction against Pat O’Brien’s, which simply enjoined and prohibited Pat O’Brien’s from any violation of the specified ordinance and statutes. The trial court also set security for the issuance of the preliminary injunction at $5,000, which Mr. Yokum posted.
Pat O’Brien’s devolutively appeals the issuance of the preliminary injunction. See La. C.C.P. art. 3612 B. The company argues that because Mr. Yokum failed to establish any irreparable harm, he is not entitled to a preliminary injunction. Pat O’Brien’s also argues that the trial court abused its discretion in refusing to admit the proposed testimony of its expert witness at the hearing on the | ¡.request for preliminary injunction and that the trial court abused its discretion in setting the amount of security required for the preliminary injunction’s issuance.
Because a showing of irreparable harm need not be made in instances dealing with preliminary injunctions in which the plaintiff seeks to enjoin conduct which violates a prohibitory law, as here, we reject that argument of Pat O’Brien’s. And because we do not find that the trial court has abused its discretion, we affirm the ruling of the trial court. With respect to Pat O’Brien’s argument that the trial court abused its discretion in refusing the live testimony of its expert, we conclude that because Pat O’Brien’s did not proffer the excluded testimony for our review, it cannot establish an abuse of the trial court’s discretion in that evidentiary matter. In considering the purpose of the requirement of furnishing security for the issuance of the preliminary injunction, we are not persuaded that the trial court abused its discretion in setting bond at $5,000. Finally, we conclude that the trial court did not abuse its discretion in determining that Mr. Yokum had — on the basis of his expert’s affidavits — made a prima facie showing that he would prevail at the trial on the merits of the permanent injunction. We, accordingly, affirm the trial court. We explain in greater detail the various aspects of our decision in the parts which follow.
I
In this Part, we discuss the factual and procedural history of the case.
Mr. Yokum lives half a block away from Bourbon Street, and his rear balcony overlooks the two courtyards of two world famous entertainment venues, | sThe Court of Two Sisters and Pat O’Brien’s. The Court of Two Sisters’ courtyard is between Mr. Yokum’s balcony and Pat O’Brien’s courtyard. The upper floors of Mr. Yo-kum’s property have been continually used as a residence since the 1790’s. His family has occupied the residence since the 1920’s, and Mr. Yokum himself has resided there since 1966. Pat O’Brien’s began its operations approximately in 1933.
Mr. Yokum filed his petition on November 9, 2004, alleging that Pat O’Brien’s has prevented him from comfortably enjoying his residence. The following day he amended his petition to add the other listed plaintiffs in the suit.
On March 18-19, 2011, the St. Patrick’s Day weekend, while standing on his second-floor balcony overlooking Pat O’Brien’s, Mr. Yokum’s expert took sound measurements of the noises coming from the bar. These measurements were the plaintiffs’ evidence at the preliminary injunction hearing that Pat O’Brien’s violat *78 ed New Orleans City Code, § 66-202,[3] La. R.S. 26:90 A(14)(a),[4] and La. R.S. 26:286 *79 A(14)(a).[5]
| sThe motion for preliminary injunction was not heard until November 10, 2011, on account of various reasons not attributable exclusively to either side in this controversy. At the hearing, Pat O’Brien’s contended that is was already in compliance with the law and that the injunction would unfairly shift the burden of proof onto it instead of the plaintiffs in the event the plaintiffs allege that Pat O’Brien’s has violated the injunction and move for contempt.[6] Pat O’Brien’s also contended that the shift in the burden of proof requires it to incur costly expert fees necessary to measure its sound output on a daily or weekly basis.
Pat O’Brien’s contends that the legally permissive sound limitations only restrict the volume of recorded or live music, not the sound level of the bar’s patrons. Further, Pat O’Brien’s contends that the plaintiffs’ sound measurement includes noises from other bars on Bourbon Street, which were playing excessively loud music. Without isolating the sounds coming from Pat O’Brien’s speaker system, Pat O’Brien’s contends that the plaintiffs’ measurements include extraneous sounds, which may push the measurement over the permissible limit even without the bar violating the ordinances or statutes. Pat O’Brien’s admits that it is possible to isolate the source of sounds and to measure the isolated sound level but contends that Mr. Yokum cannot prove that his measurements were isolated because his expert did not preserve any recordings of his measurements. Without the sound recordings as evidence of what his expert is measur *80 ing, Pat O’Brien’s ^alleges that Mr. Yo-kum asks the court to rely on unscientific testimony of his expert.
Pat O’Brien’s also argued that it would be impossible for the plaintiffs to prove that it did not comply with the noise ordinances and statutes unless they incur an exorbitant fee to have an expert isolate its music from all other noises in the area.
The costliness of the expert is the basis for Pat O’Brien’s challenging the sufficiency of the bond. Pat O’Brien’s contends that it will incur more than $5,000, the bond amount, in paying an expert to take sound measurements and that it is necessary to have an expert’s measurements when the plaintiffs allege that Pat O’Brien’s has violated the terms of the injunction.
The trial court granted the plaintiffs a preliminary injunction against Pat O’Brien’s, requiring that the bar simply not violate the law during the pendency of the lawsuit.[7]
II
In this Part, we explain our standard of review and the plaintiffs’ burden of proof at the hearing.
“A trial court has broad discretion in the granting or denial of a preliminary injunction, and will not be disturbed on review absent clear abuse of that discretion.” Cajun Elec. Power Co-op., Inc. v. Triton Coal Co., 91-1816, 590 So.2d[7] 813, 816 (La.App. 4th Cir.1991); Smith v. West Virginia Oil & Gas Co., 373 So.2d 488, 493 (La.1979). That broad standard is, of course, based upon a conclusion that the trial court committed no error of law and was not manifestly erroneous or clearly wrong in making a factual finding that was necessary to the proper exercise of its discretion. See South East Auto Dealers Rental Ass’n, Inc. v. EZ Rent To Own, Inc., 07-0599, pp. 4-5 (La.App. 4 Cir. 2/27/08), 980 So.2d 89, 93.
In order for a plaintiff to meet his burden of proof at a hearing on a preliminary injunction, he must make a prima facie showing that he will prevail at the trial on the permanent injunction. See La. C.C.P. art. 3601; Mary Moe, L.L.G. v. Louisiana Bd. of Ethics, 03-2220, p. 9 (La.4/14/04), 875 So.2d 22, 29. The standard of proof to obtain a preliminary injunction on a prima facie showing is, however, “less than that required for a permanent injunction.” Historic Restoration, Inc. v. RSUI Indem. Co., 06-1178, p. 11 (La.App. 4 Cir. 3/21/07), 955 So.2d 200, 208.
Thus, the ultimate question for us is whether the trial court abused its discretion in finding that Mr. Yokum made a prima facie showing that he would prevail on a permanent injunction. We, therefore, review the district court’s ruling for an abuse of discretion in finding that the plaintiffs have met their not-very-high burden of proof of making a prima facie showing that they are entitled to the relief afforded by a preliminary injunction enjoining the violation of prohibitory laws.
II
In this Part, we explain why Pat O’Brien’s argument that the plaintiffs have not made a showing of irreparable harm, *81 while perhaps true, misses the mark. The substance and content of the preliminary injunction under review provide an exception to the ordinary rule that proof of irreparable harm is a requirement for obtaining a preliminary injunction.
Typically, a plaintiff must make a showing that he will suffer irreparable harm before a court issues a preliminary injunction. See La. C.C.P. art. 3601. The Supreme Court, however, in Jurisich v. Jenkins, 99-0076, p. 4 (La.10/19/99), 749 So.2d 597, 599, established an exception to the irreparable harm requirement for instances when the plaintiff seeks a prohibitory injunction and that prohibitory injunction seeks only to order compliance with a prohibitory law:
A petitioner is entitled to injunctive relief without the requisite showing of irreparable injury when the conduct sought to be restrained is unconstitutional or unlawful, ie., when the conduct sought to be enjoined constitutes a direct violation of a prohibitory law and/or a violation of a constitutional right. South Cent. Bell Tel. Co. v. Louisiana Pub. Serv. Comm’n, 555 So.2d 1370 (La.1990). Once a plaintiff has made a pri-ma facie showing that the conduct to be enjoined is reprobated by law, the petitioner is entitled to injunctive relief without the necessity of showing that no other adequate legal remedy exists.
The jurisprudential rule requires three findings by the court before a plaintiff can circumvent the irreparable harm requirement: first, that the conduct violates a prohibitory law (ordinance or statute) or the constitution; second, that the injunction seeks to restrain conduct, not order it; and third, that the plaintiff has 19met the low burden of making a prima facie showing that he is entitled to the relief sought.
Plaintiffs are entitled to this exception to the irreparable harm requirement when the injunction sought is prohibitory, not mandatory. A mandatory injunction “commands the doing of some action” and “cannot be issued without a hearing on the merits.” Concerned Citizens for Proper Planning, LLC v. Parish of Tangipahoa, 04-0270, p. 7 (La.App. 1 Cir. 3/24/05), 906 So.2d 660, 664. A prohibitory injunction is one that seeks to restrain conduct. See Jurisich, 99-0076, p. 4, 749 So.2d at 599. The injunction the plaintiffs seek against Pat O’Brien’s is an order to restrain conduct, the playing of illegally excessively loud music. Because the injunction orders Pat O’Brien’s to refrain from violating a prohibitory law, Mr. Yokum is relieved of proving irreparable harm.[8] The fact that Pat O’Brien’s now takes it upon itself to begin measuring its sound output in anticipation of future litigation does not convert the prohibitory injunction into a mandatory injunction. The injunction orders Pat O’Brien’s not to violate the ordinances and statutes by refraining from playing loud music which exceeds the legally permissible limits.
IV
Pat O’Brien’s next assignment of error is the district court’s failure to allow live testimony at the preliminary injunction hearing. In response to having received an affidavit from the plaintiffs’ expert the morning of the hearing, Pat |10O’Brien’s moved to allow its expert to testify regarding the plaintiffs’ new evidence. The district court denied the motion.
*82 “When the court rules against the admissibility of any evidence, it shall either permit the party offering such evidence to make a complete record thereof, or permit the party to make a statement setting forth the nature of the evidence.” La. C.C.P. art. 1636 A. The purpose of requiring a proffer is to preserve the excluded evidence so that it is available in the record for appellate review. See Cusimano v. Port Esplanade Condominium Ass’n, Inc., 10-0477, p. 6 (La.App. 4 Cir. 1/12/11), 55 So.3d 931, 935.
Because Pat O’Brien’s did not proffer the testimony its expert witness would have given, the testimony of Pat O’Brien’s expert is not in the record on appeal. As an appellate court, this court’s review is limited to the evidence presented in the record. See La. C.C.P. art. 2164. Without proffered evidence in the record of Pat O’Brien’s expert testimony, we are unable to review the expert’s testimony. And without the ability to review the expert’s testimony, we cannot find that the district court abused its discretion by excluding it.
V
In this Part we will discuss Pat O’Brien’s assertion that the evidence presented against it is stale.
The sound testing relied upon by the plaintiffs had been obtained nine months prior to the hearing. Pat O’Brien’s, therefore, challenges the appropriateness of a preliminary injunction, the purpose of which is to preserve the In status quo between the parties, when no threat of change to the status quo has been alleged.
Determining the appropriateness of evidence is the province of the trial court, and such a determination will not be overturned absent an abuse of discretion. Duncan v. Bartholomew, 11-0855, p. 19 (La.App. 4 Cir. 3/14/12), 88 So.3d 698, 712, citing Munch v. Backer, 10-1544, p. 3 (La.App. 4 Cir. 3/23/11), 63 So.3d 181, 185.
At the hearing, the plaintiffs were required only to make a prima facie showing that were entitled to relief. In the exercise of its fact-finding function, the trial court concluded that notwithstanding the countervailing evidence offered by Pat O’Brien’s which questioned the reliability of Mr. Yokum’s expert’s findings and opinions, Pat O’Brien’s had violated the ordinance and statutes in the not-so-distant past[9] and might well repeat such conduct while the suit was pending. Such fact-finding on the trial court’s part is not clearly wrong and supports its discretionary exercise to issue the prohibitory injunction.
VI
Here, we treat Pat O’Brien’s final assignment of error which is that the $5,000 bond amount is insufficient. This assignment of error, too, is without merit.
Pat O’Brien’s contends that the bond amount is far below the amount it will incur in expert fees necessary to review the plaintiffs’ expert’s findings and to regularly take its own sound measurements. Pat O’Brien’s alleges that it is | ^necessary to pay an expert to take sound measurements and to analyze those measurements because Mr. Yokum will inevitably come forward with a contempt charge, asserting that Pat O’Brien’s has failed to comply with the preliminary injunction. And, Pat O’Brien’s contends, it will need an expert’s *83 report to meet its burden of proving that it has not violated the injunction. Pat O’Brien’s alleges that the bond amount should also include court costs and attorney fees.
The purpose of furnishing security for the issuance of a preliminary injunction is to “indemnify the person wrongfully restrained or enjoined for the payment of costs incurred and damages sustained.” La. C.C.P. art. 8610.
We do not consider that any expense on the part of Pat O’Brien’s to test its own sound level is a consequence of the issuance, wrongful or not, of this preliminary injunction. Positive law mandates not only the permissible sound level but also how that sound level is to be ascertained. Monitoring of its sound output cannot be viewed as an additional expense merely because the business has failed to do so until the injunction issued against it. Importantly, the trial court by the preliminary injunction which issued did not command, compel, or require Pat O’Brien’s to conduct such testing.
Pat O’Brien’s second contention regarding the amount of the bond is that the bond should include court costs and attorney fees. While La. C.C.P. art. 3608 allows the court to award attorney fees as an element of damages, that decision, too, is left to the discretion of the court and is only awarded after the court finds that the preliminary injunction was improperly issued.
11sBut, in any event, Pat O’Brien’s did not submit any affidavit-evidence to the trial court that its earnings or desirability as an entertainment destination would likely be diminished if the preliminary injunction had been wrongfully issued. Its claims about costs and expenses associated with the defense of a contempt proceeding are speculative.
Our standard of review requires us to look only for an abuse of discretion. And we find that the trial court did not abuse its discretion in setting the bond amount at $5,000.
DECREE
For the foregoing reasons, the judgment of the trial court issuing a preliminary injunction at the request of Peterson Yo-kum against Pat O’Brien’s Bar, Inc., conditioned upon giving security in the amount of $5,000, is hereby affirmed.
AFFIRMED

. Mr. Yokum later added Polly Anderson; Vieux Carre Property Owners, Residents & Associates, Inc.; and French Quarter Citizens for the Preservation of Residential Quality as plaintiffs.

. Mr. Yokum has lodged numerous complaints against other businesses in the area, including The Court of Two Sisters, alleging violations of the same noise ordinances and statutes sought to be enforced against Pat *77 O'Brien's in the present suit. See Yokum v. Court of Two Sisters, 06-0732 (La.App. 4 Cir. 11/21/06), 946 So.2d 671; Yokum v. Nicholas *78 S. Kamo II, Inc., 10-1239 (La.App. 4 Cir. 6/1/11), 66 So.3d 1240.

. Section 66-202, "Maximum permissible sound levels by receiving land use,” provides:
(a)No person shall operate or cause to be operated any source of sound in such a manner as to create a sound level which exceeds the limits set forth for the receiving land use category in table l.(b)L10 is the A-weighted sound pressure level which is exceeded ten percent of the time in any measurement period. The measurement period shall not be less than ten minutes when measured at or beyond the property boundary of the receiving land use category (example L10 is the sound level that is exceeded a total of one minute in a ten-minute period). In the SHD/VCE, the measurement may be taken at a minimum distance of 7.5 meters (25 feet) from the source being measured within a minimum clearance of three feet from any reflecting surface.
(c)For any source of sound the maximum sound level (Lmax) shall not be exceeded. (d)In the case of two-family or multiple-family dwellings the sound level shall be measured within an adjacent intrabuilding dwelling. (e)When a noise source can be identified and its noise measured in more than one land use category, the limits of the more restrictive use shall apply at the boundary and within the most restrictive land use category. This provision shall not apply to the SHD/VCE. TABLE 1 SOUND LEVELS BY RECEIVING LAND USE
[[Image here]]

. La. R.S. 26:90 A(14)(a) provides:
A. No person holding a retail dealer’s per *79 mit and no agent, associate, employee, representative, or servant of any such person shall do or permit any of the following acts to be done on or about the licensed premises:
[[Image here]]
(14)(a) Play live or recorded music which is so unreasonably intrusive or offensive as to interfere with the comfortable enjoyment of the property of a person residing within two hundred feet of the premises. This prohibition shall not apply to any licensed premises which are not located within two hundred feet of a residence or which were not located within two hundred feet of a residence on the date that the first permit was granted for the premises or to any licensed premises which are not located in an unzoned unincorporated area. This prohibition shall not apply to any premises which provide an entry area with two separate doors or sets of doors separating the exterior of the entrance from the area where music is played. Any licensed premises which are not, on the effective date of this Paragraph, in compliance with the provisions of this Paragraph, shall have a reasonable time either to modify the premises to comply with this Paragraph or to cease the playing of music as described herein, (b) Any person residing within two hundred feet of licensed premises on which is played live or recorded music which is so unreasonable, intrusive, or offensive as to interfere with the comfortable enjoyment of his property shall have a cause of action for damages and may obtain injunctive relief if the premises are not in compliance with the provisions of this Paragraph.

. La. R.S. 26:286 A(14)(a)-(b) is identical to 26:90 A(14)(a)-(b), with the exception of a slight variation in the phrasing of the introductory paragraph A: "No person holding a retail dealer’s permit and no servant, agent, or employee of the permittee shall do any of the following acts upon the licensed premises.”

. Pat O’Brien's alleges that it will have to affirmatively disprove its violation of the ordinances and statutes at a contempt hearing. Pat O'Brien’s argued that the plaintiffs had already done this three times, including once against The Court of Two Sisters, the other courtyard Mr. Yokum’s rear balcony overlooks. The plaintiffs, Pat O’Brien’s alleges, after being awarded a preliminary injunction, return to court between a week and a year later and allege that the defendant is not incompliance, and the burden is shifted onto the defendant to prove that it has not violated the law.

. After stating that the motion for preliminary injunction is granted the judgment ordered:
IT IS FURTHER ORDERED that defendant, Pat O’Brien's Bar, Inc., be enjoined from violating and shall comply with all applicable sections of the City of New Orleans Noise Ordinance, Sections 66-136, et seq., and, specifically, Sec. 66-202 and 66-203, and further, enjoined from violating State of Louisiana Revised Statute [sic! 26:90 A(14)(a) and 26:286 A(14)(a).

. Pat O'Brien’s had also assigned as error the trial court’s consideration of Mr. Yokum’s seven-year old affidavit, which purported — at least in the view of Pat O’Brien’s — to establish the "irreparable harm” requirement. Because we conclude that no such requirement exists in this case, we do not need to consider that assignment of error.

. Pat O’Brien’s has made much over the expense of acquiring expert testimony in a case such as this, which may well have influenced the trial judge’s decision that repeated "soundings” or more recent tests or experiments were impractical.