NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-433


JASON J. DUREL, M.D.

VERSUS

ACADIAN EAR, NOSE, THROAT &
FACIAL PLASTIC SURGERY, APMC


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20211521
HONORABLE ROYALE L. COLBERT, JR., DISTRICT JUDGE

**********

SHARON DARVILLE WILSON
JUDGE

**********

Court composed of Sylvia R. Cooks, Chief Judge, Shannon J. Gremillion, John E. Conery, D. Kent Savoie, and Sharon Darville Wilson, Judges.


APPEAL DISMISSED AS MOOT AND REMANDED.

**Steven Gerald Durio**
**Lauren Noel Maurer**
**Durio, McGoffin, Stagg, Ackermann**
**P. O. Box 51308**
**Lafayette, LA 70505-1308**
**(337) 233-0300**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Jason J. Durel, M.D.**

**James Huey Gibson**
**Charles Martin Kreamer, Sr.**
**Gibson Law Partners, LLC**
**P. O. Box 52124**
**Lafayette, LA 70505**
**(337) 761-6023**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Acadian Ear, Nose, Throat & Facial Plastic Surgery, APMC**

**WILSON, Judge.**

This case centers on a physician employment agreement and whether a valid and enforceable non-compete agreement was violated by a departing physician. Defendant, Acadian Ear, Nose, Throat and Facial Plastic Surgery Center, APMC (AENT) appeals the judgment of the trial court denying their reconventional demand for preliminary injunction and granting the motion filed by the plaintiff, Dr. Jason J. Durel, to dissolve a temporary restraining order (TRO). Dr. Durel cross appeals the trial court's refusal to grant his request for costs, damages and attorney's fees. For the reasons expressed below, we dismiss the appeal as moot and remand to the trial court for further proceedings.

I.

## ISSUES

In this appeal and cross appeal we were asked to decide:

(1) whether the trial court erred in ruling that AENT modified the written physician employment agreement by waiting ten months to seek enforcement;

(2) whether the trial court erred in ruling that AENT waived the non-compete and non-solicitation provisions of the physician employment agreement

(3) whether the trial court erred as a matter of law in its holding that a temporary restraining order (TRO) pursuant to La.R.S. 23:921H is "automatic" and not a matter within the sound discretion of the court;

(4) whether the trial court erred as a matter of law by denying costs to the prevailing defendant; and

(5)     whether the trial court abused its discretion in denying damages and attorney's fees to Dr. Durel.

II.

## FACTS AND PROCEDURAL HISTORY

Dr. Durel is a former employee and co-owner of AENT in Lafayette, Louisiana.   On March 1, 2017, Dr. Durel executed a physician employment agreement with AENT with a three-year term.   The agreement contained non-compete and non-solicitation provisions prohibiting Dr. Durel from conducting business similar to AENT in Lafayette and several other parishes.   These provisions were inapplicable if Dr. Durel terminated for cause as defined in the agreement.   The agreement was renewed for an additional year through February 29, 2021, according to an automatic renewal clause contained in the agreement.

Prior to the renewal in 2020, Dr. Durel consulted an attorney to negotiate the renewal of his 2017 contract, and sought to excise the non-compete and non-solicitation portions of the contract among other changes.   Discussions were had between the parties.   On April 22, 2020, AENT sent a letter to Dr. Durel informing him that they would not be agreeing to any changes to the contract and suggesting that he reconsider his requests and notify the practice by April 27, 2020, after which time they would consider terminating his employment.

On April 24, 2020, counsel for Dr. Durel sent a letter to AENT alleging that AENT had defaulted on a material obligation of the employment agreement for more than thirty days and he was terminating his employment for cause.   Specifically, Dr. Durel alleged office personnel had selectively and systematically favored Dr. Ryan Chastant by filling his schedule with patients in preference to Dr. Durel's schedule.   Following his termination, Dr. Durel began

2

employment with and gained ownership in Acadiana Otolaryngology Head and Neck Surgery (AOHNS) also in Lafayette, Louisiana. On April 28, 2020, AENT announced to Dr. Durel's patients that Dr. Durel would no longer be practicing at AENT effective April 24, 2020, and provided the new address and phone number for Dr. Durel at AOHNS.

On May 4, 2020, AENT sent an email to its employees asking them to report if Dr. Durel offered them jobs at his new location as this was a violation of the non-solicitation clause in the contract. A screen shot of this email was forwarded to Dr. Durel who sent a letter to AENT on May 5, 2020, referring to the email as a false communication, requesting that they cease and desist soliciting his patients, and requesting his patient list. On May 6, 2020, Dr. Durel again requested his patient list and asked that AENT cease from falsely advising patients that he was not treating allergy patients.

On May 12, 2020, AENT sent a letter to Dr. Durel stating that the April 24, 2020, termination of Dr. Durel constituted a disqualifying event under the shareholders' agreement of AENT and AENT was required to repurchase Dr. Durel's shares at book value. On March 25, 2021, Dr. Durel filed a petition for withdrawal seeking a withdrawal from AENT. AENT responded on April 29, 2021, by filing a reconventional demand for temporary restraining order, preliminary injunction and damages including treble damages and attorney fees under the Louisiana Unfair Trade Practices Act. A hearing was held on the TRO the following day and was granted by the trial court. Dr. Durel then filed a motion to dissolve the TRO and deny the preliminary injunction.

The hearing on the preliminary injunction and motion to dissolve TRO was held on May 7, 10, 11, and 12, 2021. The trial court ruled that there was

3

a valid and enforceable employment agreement with a valid and enforceable non-compete agreement, there was not any funneling except from father to son, Dr. Durel terminated his employment without cause, and Dr. Durel violated the terms of the non-solicitation agreement. However, the trial court held that AENT modified the employment agreement at least by May 8, 2020, waiving the non-compete portion when they failed to enforce the non-compete for more than ten months with full knowledge of where Dr. Durel was working. The trial court ordered that the motion to dissolve the TRO be granted and the motion for preliminary injunction was denied with each party to pay their own costs. AENT now appeals the ruling denying the preliminary injunction. Dr. Durel cross appeals the trial court's failure to grant his request for costs, damages, and attorney's fees.

III.

## STANDARD OF REVIEW

> A trial court has broad discretion in its decision to grant or deny a preliminary injunction and that decision will not be disturbed on review absent an abuse of that discretion. *Yokum v. Pat O'Brien's Bar, Inc.*, 12-217 (La.App. 4 Cir. 8/15/12), 99 So.3d 74. "That broad standard is, of course, based upon a conclusion that the trial court committed no error of law and was not manifestly erroneous or clearly wrong in making a factual finding that was necessary to the proper exercise of its discretion." *Id.* at 80. When errors of law are involved in the granting of a preliminary injunction, a de novo standard of review is applied. *Meredith v. I Am Music, LLC*, 18-659 (La.App. 4 Cir. 2/13/19), 265 So.3d 1143.

> *Deshotels Plantation, LLC v. Torrent Gulf Coast, LLC*, 19-750, pp. 3-4 (La.App. 3 Cir. 4/22/20), 297 So.3d 1034, 1037-38. The trial court's decision whether to award or deny damages and attorney's fees on a wrongful issuance of a TRO is reviewed under an abuse of discretion standard, and when there is proof of

4

ascertainable damages, a refusal to grant damages should be carefully scrutinized under the standard. *ARCO Oil & Gas Co., a Div. of Atl. Richfield Co. v. Deshazer*, 96-1344 (La.App. 3 Cir. 5/21/97), 698 So.2d 408, *writ granted*, 97-2552 (La. 1/9/98), 704 So.2d 246.

III.

## LAW AND DISCUSSION

The heart of AENT's appeal is whether the trial court was correct in finding that there was a modification to the existing employment contract that resulted in a waiver of the non-compete provision. The trial court determined that AENT modified the employment agreement at least by May 8, 2020, and therefore waived the non-compete portion when they failed to enforce the non-compete for over ten months with full knowledge of where and with whom Dr. Durel was working. The trial court also found that Dr. Joseph's testimony that he referred a patient to Dr. Durel at his new practice was evidence of a clear intent not to enforce the non-compete.

As stated above, a trial court has broad discretion in its decision to grant or deny a preliminary injunction and that decision will not be disturbed on review absent an abuse of that discretion. *Deshotels Plantation*, 297 So.3d 1034. "When errors of law are involved in the granting of a preliminary injunction, a de novo standard of review is applied." *Id*. at 1038. However, before engaging in any review, this court must determine that the case presents a justiciable controversy.

It is well settled that our courts will not decide abstract, hypothetical or moot controversies, or render advisory opinions regarding such controversies. *Cat's Meow, Inc. v. City of New Orleans Through Dep't of Fin.*, 98-601 (La.

5

10/20/98), 720 So.2d 1186. To avoid deciding such questions, cases submitted for adjudication must be justiciable, ripe for decision, and not brought prematurely. *Id.* According to our jurisprudence, an issue is "moot" when a judgment or decree on that issue has been "deprived of practical significance" or "made abstract or purely academic[,]" and a case is "moot" when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. *Id.* at 1193. Once a case is moot, there is no subject matter on which the judgment of the court can operate, thus, jurisdiction, once established, may abate if a case becomes moot during litigation. *Id.*

In the instant case, AENT seeks reversal of the trial court's denial of injunctive relief to prevent Dr. Durel from violating the terms of the employment agreement. Under the terms of the employment agreement, in conjunction with the limitation on non-compete agreements provided by La.R.S. 23:921, Dr. Durel agreed that he would not compete in Lafayette Parish for a period of two years after termination of his employment. Dr. Durel's termination was effective April 24, 2020, thus the non-compete agreement became unenforceable after April 24, 2022. The judgment under review on appeal only concerns the dissolution of the TRO and denial of the request for preliminary injunction. Given that the two-year period for enforcement of the non-compete has now passed, the need for injunctive relief has ceased to exist. We "will not review a case in which only injunctive relief is sought and where the need for the injunctive relief has ceased to be a justiciable issue." *Stevens v. St. Tammany Par. Gov't*, 16-197, p. 8 (La.App. 1 Cir. 1/18/17), 212 So.3d 562, 567. We find that all issues regarding enforcement of the injunction are rendered moot and this appeal must be dismissed.

6

On cross appeal, Dr. Durel asserts several assignments of error related to his motion to dissolve the TRO, and whether the trial court should have awarded damages, costs, or fees. The judgment on appeal only addressed the granting of the motion to dismiss the TRO, and the denial of the motion for preliminary injunction. Since the judgment under review did not reach these issues, and the issue of injunctive relief is moot, we decline to address those claims here. We therefore remand to the trial court for consideration of all unresolved issues to include both party's claims for damages.

V.

## CONCLUSION

For the foregoing reasons, we dismiss the appeal from the trial court's judgment granting the motion to dissolve the TRO and denying the motion for preliminary injunction as moot and remand for further proceedings consistent with this opinion. Costs of this appeal are to be split evenly between the parties.

**APPEAL DISMISSED AS MOOT AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Rule 2–16.3, Uniform Rules, Courts of Appeal.

7