| A INVESTEMENTS, LLC, GRACEWATER LLC, AND MCNABB PROPERTIES, LLC | * | NO. 2024-CA-0233 |
|---|---|---|
| | * | COURT OF APPEAL |
| VERSUS | * | FOURTH CIRCUIT |
| ROYAL DELTA CONDOMINIUM ASSOCIATION, INC., JULIET LAUGHLIN, AND TIMOTHY LAUGHLIN | * | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2024-00151, DIVISION "B"
Honorable Marissa Hutabarat,
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*

(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown)

John Anthony Dunlap
Conor T. Lutkewitte
Charles M. Meeks
CARVER DARDEN KORETZKY TESSIER FINN BLOSSMAN & AREAUX, LLC
1100 Poydras Street, Suite 3100
New Orleans, LA 70163

          COUNSEL FOR PLAINTIFF/APPELLEE


Michael R. Dodson
Stephen Jay Herman
Sterling Scott Willis
FISHMAN HAYGOOD, LLP
201 St. Charles Avenue, 46th Floor
New Orleans, LA 70170

          COUNSEL FOR DEFENDANT/APPELLANT

                                        **AFFIRMED**
                                  **NOVEMBER 6, 2024**

Royal Delta Condominium Association, Inc. (the "Association"), Royal Delta, LLC ("Royal Delta"), Timothy Laughlin ("Mr. Laughlin"), and Juliet Laughlin (Mrs. Laughlin") (collectively, the "defendants") appeal the trial court's January 31, 2024 judgment granting a preliminary injunction in favor of A Investments, LLC ("A Investments"), Gracewater LLC ("Gracewater"), and McNabb Properties, LLC ("McNabb Properties") (collectively, the "plaintiffs"). For the reasons assigned, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

This suit arises from a dispute regarding the re-designation of common area gardens to parking lot spaces. Mr. Laughlin and Mrs. Laughlin are representatives of Royal Delta. Royal Delta acquired a property located at 821 Royal Street in New Orleans, Louisiana. Royal Delta thereafter formed the Association. On February 11, 2023, through an Act of Declaration, Royal Delta designated the property as Royal Delta Condominiums. The Act of Declaration subdivided the

property into seven residential units, one commercial unit, and eight parking spaces. The Act of Declaration established that the owner of each unit shall be a member of the Association. It also provided that the common elements include common area courtyard and gardens, and the common elements are co-owned by the unit owners in undivided interests based upon the unit's percentage interest.

The plaintiffs separately purchased three out of the seven residential units from Royal Delta. Royal Delta holds 69.65% of the membership voting interest in the Association, and the plaintiffs collectively hold 30.35% of the voting interest.

On December 9, 2023, Mrs. Laughlin emailed the plaintiffs providing that she released a vast amount of common areas to the Association without compensation, specifically, the garden. Mrs. Laughlin requested to purchase from the plaintiffs their portion of the gardens she had previously owned.[1]

On December 19, 2023, the defendants issued a notice of a special meeting scheduled for December 29, 2023.[2] As a result, A Investments issued a letter to the

---

[1] Mrs. Laughlin email provided in relevant part:

> [I]t dawned on me that overnight I gave up vast common areas to the association without any kind of compensation. A condo in any other property might cost the exact same price for the same square footage but would rarely have the common areas this property comes with. . .
>
> The garden is now owned by the association, and I asked my attorney how did I lose that plot of valuable land? His answer basically was that it's done, and the only way to get it back is to purchase it back from the association. . . .
>
> So if I buy the garden back and turn it into parking spaces all the owners would get paid our percentage share of it. For example, the parking spaces with units 3 and 5 were sold for a value of $100,000 each. If I created six parking spaces, I would pay the association $600,000 for the garden . . .

[2] The plaintiffs' verified petition for temporary restraining order, preliminary injunction, permanent injunction, and damages provide that the defendants issued a notice of a special meeting around December 19, 2023, and the Minutes for Special Meeting reflect that the notice was issued via email.

Association requesting that the Association cease its pursuit to convert the gardens into parking spaces without the consent of all owners. Thereafter, on December 29, 2023, the Association proceeded with the special meeting regarding the conversion of the gardens into parking spaces and to sell new parking spaces from the Association to Mrs. Laughlin. The Minutes for Special Meeting reflect that the plaintiffs were not in attendance at the special meeting. The Association adopted the Fifth Amendment to Condominium Declaration of the Royal Delta Condominiums (the "amendment"). The amendment purported to designate the gardens as parking space units. The amendment provided that Royal Delta, owning over sixty-nine percent of the units in the condominium has approved the amendment and that the new parking units are owned by Royal Delta.

Mrs. Laughlin subsequently sent correspondence on January 3, 2024, to the plaintiffs regarding the adoption of the amendment, accompanied with checks for the plaintiffs' pro rata share of the gardens.[3] Mrs. Laughlin's correspondence detailed that it was her duty to be a fiduciary of her estate and to lawfully purchase back the gardens. None of the plaintiffs negotiated or deposited the checks.

The plaintiffs filed on January 5, 2024, a petition for temporary restraining order, preliminary injunction, permanent injunction and damages. The trial court held a hearing on the preliminary injunction on January 25, 2024. On January 31, 2024, the court signed the following judgment:

---

[3] Mrs. Laughlin wrote checks in the following amounts: $74,790.00 to A Investments, $70,956.00 to Gracewater, and $18,144.00 to McNabb Properties.

IT IS ORDERED, ADJUDGED, AND DECREED that Petitioners' prayer for Preliminary Injunction in the above captioned matter be and hereby is **GRANTED**.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendants shall not further destroy or damage the gardens located at the Royal Delta Condominiums or take any step in constructing parking spaces where the gardens were;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that:

Defendants shall not attempt to transfer, lease, alienate, dedicate, or encumber the gardens located at the Royal Delta Condominiums;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that:

Defendants shall not take any action to interfere with Petitioners' rights to the use and enjoyment of the gardens located at the Royal Delta Condominiums, including parking vehicles in the gardens.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that:

A bond is to be posted by Petitioners in the amount of Ten Thousand and No/100 ($10,000.00) Dollars on or before January 30, 2024.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that:

This Preliminary Injunction is to remain in place throughout these proceedings until the matter is heard and decided on the merits at the trial of this matter or upon further order of the Court.

The defendants filed a motion for devolutive appeal on February 7, 2024.

This appeal follows.

## DISCUSSION

The defendants assign two errors: 1) the court erred in enjoining the re-designation of the common elements from gardens to additional parking spaces, for the common and collective benefit of the Association and its members, and 2) the court erred in enjoining the sale of the parking spaces from the Association to Mr.

4

and Mrs. Laughlin at fair market value, and in full accordance with the bylaws of the Association. We begin our discussion by addressing plaintiffs' preliminary injunction.

**Preliminary Injunction**

"A preliminary injunction is an interlocutory procedural device designed to preserve the status quo as it exists between the parties, pending trial on the merits." *NGA 911, LLC v. Orleans Par. Commc'n Dist.*, 2021-0287, p. 3 (La. App. 4 Cir. 1/27/22), 337 So.3d 984, 988 (citing *Forrester v. Bruno*, 2018-0648, p. 13 (La. App. 4 Cir. 5/1/19), 363 So.3d 357, 367). The issuance of "injunctive relief is a 'harsh, drastic remedy,'" which should only be issued "when a petitioner is threatened with irreparable harm and has no adequate remedy at law." *Vieux Carre Comm'n Found. v. City of New Orleans*, 2017-0527, p. 8 (La. App. 4 Cir. 1/31/18), 317 So.3d 345, 350 (citing *Faubourg Marigny Imp. Ass'n., Inc. v. City of New Orleans*, 2015-1308, pp. 12-13 (La. App. 4 Cir. 5/25/16), 195 So.3d 606, 615).

*Standard of Review*

The appellate court's standard of review for a preliminary injunction is whether the trial court abused its discretion. *Meredith v. I Am Music, LLC*, 2018-0659, p. 4 (La. App. 4 Cir. 2/13/19), 265 So.3d 1143, 1145 (citing *Rand v. City of New Orleans*, 2012-0348, p. 3 (La. App. 4 Cir. 12/13/12), 125 So.3d 476, 479). "That broad standard is, of course, based upon a conclusion that the trial court 'committed no error of law and was not manifestly erroneous or clearly wrong in making a factual finding that was necessary to the proper exercise of its

5

discretion.'" *Meredith*, 2018-0659, p. 4, 265 So.3d at 1145-46 (quoting *Rand*, 2012-0348, pp. 3-4, 125 So.3d at 479).

*Burden of Proof*

The burden of proof at the hearing on a preliminary injunction rests on the mover, in which the mover "must make a *prima facie* showing that he will prevail at the trial on the permanent injunction." *Yokum v. Pat O'Brien's Bar, Inc.*, 2012-0217, p. 7 (La. App. 4 Cir. 8/15/12), 99 So.3d 74, 80. Generally, to prevail at a hearing on a preliminary injunction, the mover must show that: "(1) the injury, loss or damage the mover will suffer if the injunction [is] not issue[d] may be irreparable; (2) the mover is entitled to the relief sought; and (3) the mover is likely to prevail on the merits of the case." *Meredith*, 2018-0659, p. 5, 265 So.3d at 1146 (citing *Denta-Max v. Maxicare Louisiana, Inc.*, 95-2128, p. 3 (La. App. 4 Cir. 3/14/96), 671 So.2d 995, 996-97). Further, "irreparable injury is an injury or loss that cannot be adequately compensated in money damages, or is not susceptible to measurement by pecuniary standards." *Easterling v. Estate of Miller*, 2014-1354, p. 11 (La. App. 4 Cir. 12/23/15), 184 So.3d 222, 229 (citing *Smith v. Brumfield*, 2013-1171, p. 7 (La. App. 4 Cir. 1/15/14), 133 So.3d 70, 75).

Here, the defendants argue that the trial court erred in enjoining the re-designation of the common elements from gardens to additional parking spaces because the re-designation was expressly authorized by two separate and independent provisions within the Act of Declaration. The defendants contend that 1) Section 13.4(d)(ii) of the Act of Declaration provides that the Act of

Declaration, including amendments to the condominium plat, may be amended by a vote of at least two-thirds of the Association, and 2) Section 2.4(d) of the Act of Declaration provides for the conversion of the gardens to a new set of parking spaces. The defendants also argue that the sale of the parking spaces from the Association to the Laughlins was in conformity with the Association's bylaws because the Declaration may be amended by a vote of at least two-thirds of the Association. However, the ultimate question that we are presented with is whether the trial court abused its discretion in finding that the plaintiffs made a *prima facie* showing that they would prevail on a permanent injunction.

On appeal and at the hearing on the preliminary injunction, the plaintiffs argued that they are entitled to a preliminary injunction because, pursuant to La. R.S. 9:1122.108, the defendants were not authorized to strip the plaintiffs of their interest in the gardens. The plaintiffs further argued they are not required to show irreparable injury because the conduct sought to be restrained is unlawful. On the other hand, the plaintiffs contend while they are not required to, they can show that they will suffer irreparable harm if the defendants destroy and convert the gardens into a parking lot to sell spaces to third parties because their privacy, safety, and security would be at risk.

*Unlawful Conduct Exception*

To qualify for the unlawful conduct exception, "[t]he jurisprudential rule requires three findings": (1) "the conduct violates a prohibitory law (ordinance or statute) or the constitution," (2) "the injunction seeks to restrain conduct, not order

7

it," and (3) the petitioner "has met the low burden of making a *prima facie* showing that he is entitled to the relief sought." *Yokum*, 2012-0217, pp.8-9, 99 So.3d at 81.

First, the conduct that the plaintiffs sought to enjoin was the re-designation and the further destruction of the gardens, a common element, to six parking spaces without their authorization. La. R.S. 9:1122.108(B) provides in relevant part:

> the percentage of undivided interest of such unit owner in the common elements of the condominium as expressed in the condominium declaration shall be an inseparable component of the ownership of the unit and shall not be altered without the consent of all the unit owners expressed in an amended condominium declaration duly filed for registry.

It has been established that "only *direct* violations of a prohibitory law may be enjoined without a showing of irreparable harm." *Randazzo v. Imbraguglio*, 2021-0679, p. 14 (La. App. 4 Cir. 5/25/22), 343 So.3d 852, 862 (emphasis in original). We find that the plaintiffs have met their burden of showing direct violation of prohibitory law, as it is undisputed that the gardens were re-designated to six parking space without the consent of all the unit owners.

Second, the preliminary injunction issued by the trial court was prohibitory in nature, as it restrained further destruction or damage of the gardens and restrained the construction of parking spaces where the gardens were located. Finally, the plaintiffs have met their low burden of making a *prima facie* showing that they are entitled to enjoin the destruction of the gardens because they are owners of units located at the Royal Delta Condominiums. As such, we find that the plaintiffs are not required to demonstrate irreparable harm.

*Likelihood to Prevail on the Merits*

Lastly, we consider whether the trial court abused its discretion in finding that the plaintiffs made a *prima facie* showing that they would prevail on a permanent injunction.

The plaintiffs rely on *Cusimano v. Port Esplanade Condo. Ass'n, Inc.*, 2010-0477 (La. App. 4 Cir. 1/12/11), 55 So.3d 931, in support of their argument that they are entitled to a preliminary injunction because the defendants were without authority to re-designate the gardens as parking lots, stripping them of their ownership interest in the gardens.

In *Cusimano*, a condominium association amended its declaration of condominium to transfer the use of certain common elements, specifically the swimming pool and passageways, to the exclusive use of owners of condominium units that faced Esplanade Avenue ("Esplanade Owners") without the authorization of the owners of condominium units that faced Dauphine Street ("Dauphine Owners"). 2010-0477, pp. 1-2, 55 So.3d at 933. The condominium association argued that the amendment was valid because the declaration required only 66.66% of the ownership interest to agree upon the adoption of the amendment. *Id.*, 2010-0477, p. 2, 55 So.3d at 933. Nonetheless, the Dauphine Owners argued that the amendment was invalid because the change in ownership of the common elements required the unanimity of all unit owners. *Id.* This Court considered the legal and conventional requirements for the transferring or re-designating common elements in a condominium regime in Louisiana. *Id.*, 2010-0477, p. 8, 55 So.3d at 936.

The Court noted that "a re-designation of any Common Elements to Limited Common Elements would deprive a co-owner in indivision of the co-owner's use

9

of the re-designated Common Elements. But the attempt to accomplish the deprivation without the co-owner's consent is prohibited." *Id*., 2010-0477, p. 10, 55 So.3d at 938. The Court provided that the Esplanade Owners could not re-designate common elements as limited common elements, thereby preventing the Dauphine Owners' use of the pool and passageways unless the Dauphine Owners agreed to the re-designation as required by La. R.S. 9:1122.108(B).[4] *Id.*, 2010-0477, p. 11, 55 So.3d at 938.

Moreover, the Court rejected the condominium association's argument that "the less-than-unanimous consent of all unit owners is sufficient because the *percentage* of a unit owner's undivided interest in the Common Elements was not altered although the Common Elements themselves were altered" (emphasis in original). *Id*. The Court concluded the applicable declaration, "our general law on co-ownership, and the particular law governing condominiums all require the unanimous consent of all owners in indivision (that is all unit owners) in order to re-designate" the common element and exclude the Dauphine Owners from the use thereof. *Id.*

Here, it is undisputed that the gardens are classified as common elements. Analogous to *Cusimano*, the Association adopted an amendment to the Condominium Declaration of the Royal Delta Condominiums, which purported to designate the gardens as parking spaces owned by Royal Delta. The defendants

---

[4] We note that while the *Cusimano* court rejected the Association's argument that the less-than-unanimous consent of all unit owners was sufficient for re-designation of common elements, the Court also found that requisite unanimity for the adoption of the amendment was achieved. The *Cusimano* court found that the Dauphine Owners' predecessor-in-title assented to the amendment when it sold its undivided interest in the condo units to the successor-in-title by expressly reciting that the sale was "made, executed, and accepted subject to" the amendment, which cured the deficiency of not having unanimous consent. *Cusimano*, 2010-0477, p. 13-14, 55 So.3d at 939. However, no assentation occurred in this matter, as the plaintiffs did not accept the amendment which re-designated the gardens as parking space units.

share a similar argument as the condominium association in *Cusimano*, that the percentage of undivided interests of the unit owners in the common elements was not disturbed. However, the record provides that the re-designation occurred without the unanimous consent of all of the unit owners as A Investments, Gracewater and McNabb Properties were not present at the special meeting.

In support of their claims, the plaintiffs submitted McNabb Properties' affidavit. Cristy McNabb, a member of McNabb Properties attested that McNabb Properties purchased a unit from Royal Delta because of the undivided interest in the gardens, and the right to use and enjoy the unique and historical gardens. Ms. McNabb further attested that McNabb Properties does not support the idea of the gardens becoming a parking lot and the property being accessible to individuals who are not vested in the health of the residential nature of the property. Ms. McNabb further attested that the unit is a private living space and she believed that turning the gardens into six new parking spaces would threaten her family's privacy, safety, and security.

In light of finding that re-designation of the gardens occurred without the unanimous consent of all unit owners, it is not appropriate for the Association to attempt to sell the improperly re-designated common elements to the Laughlins. Absent the preliminary injunction, the gardens would be completely destroyed and replaced with a parking lot for sale, which would interfere with the plaintiffs' ownership interest in and enjoyment of the gardens. Under these circumstances, we do not find that the trial court abused its discretion in granting a preliminary injunction.

## CONCLUSION

For the foregoing reasons, the January 22, 2024 judgment granting the plaintiff's request for preliminary injunction is affirmed.

**AFFIRMED**